Opinion of the court, by
Judge Hitchcock:
Sundry errors are assigned in this case:
I. That the court of common pleas erred in admitting, under-the state of the pleadings, in evidence of the breach, *is the declaration assigned, the record of a judgment in favor oí said Jacob Clive against Simon Decker.
It is not denied that this record was a proper item of evidence, but the objection is that it was admitted for an improper purpose.
This objection is not well taken. If evidence is proper for any purpose in a case, it should be admitted, and it is immaterial what *124 treasons are assigned by the coart, when it is received. That this ■record is proper evidence to show the amount which the plaintiff is entitled to recover, provided he has any right, there can be no -doubt. If, in the charge to the jury, the court had directed them that this was an item of evidence to prove the breach in the declaration assigned, and this had been spread upon the record, the question which the counsel for the plaintiff in error wishes to raise, would have been fairly presented to the court. But nothing •of this kind appears. Upon this assignment, then, we can not reverse the judgment.
2. That the court erred in rejecting the testimony of the trustees, to prove that the bond declared upon had been by them disap•proved and rejected. The law requires that a constable shall give -bond with sureties, to be approved of by the trustees of the- town■ship. This law ought to be complied with, but we are not prepared to say, that if a bond be delivered to a township clerk, and by him filed away, that such bond would not be obligatory, without proof of its having been approved by the trustees. When, ■however, a bond is presented to the trustees, and by them rejected ■and disapproved of, it is clear that such bond can not be held obligatory. The sureties are discharged. Can this disapproval or ■rejection be given in evidence? The court of common pleas rejected this evidence upon the principle that the official acts of the trustees must be proved by the record of the township alone. We do not believe that these records are of that absolute verity, ■that any person shall be estopped to show the truth, in consequence of any matter which they contain. We are of opinion, ■therefore, that in rejecting this evidence, there was error.
3. That the court erred in refusing to charge the jury as requested by the plaintiff in error. And,
*4. That the court erred in charging the jury that the bond "itself became matter of rebord, etc.
There can be no doubt but that after the ten days had expired,' Decker having failed to give bond, it was the duty of the trustees ¡to consider the office as vacant, and appoint another person to •fill the office of constable. This was done; but up to the time ■the bond in suit bears date, neither of the individuals thus appointed had complied with the law by executing bond. If, then, the trustees Lad accepted this bond, it would have been, on their part, a ratification of the appointment of Decker, and the security *125 would have been holden. The mere circumstance that the bond is executed after the ten days have expired is not sufficient to* vitiate it. So far, then, as respects the first and third instructions-of the court, we think they might well be refused.
As to the second instruction requested, it should have been.' given. From the township book, as shown by the bill of exceptions, it appears that on May 2, 1826, Decker gave bond as constable in the sum of six hundred dollars, with the same persons named in the bond now in suit, together with fm. Wallace, as-sureties. It can not, with'propriety be said, that a bond found in the office of the township clerk, years afterward, became so far a-matter of record as to control this entry of May 2, 1826.
In refusing the instruction stated in the second particular, and in declaring the effect of filing bond upon the entry óf 2d of May,, there was error. Judgment reversed.