Mr. Justice WOODBURY
 

 delivered the opinion of the court.
 

 (He first gave a synopsis of the bill and answers, and then, after some reference to the evidence, proceeded as follows.)
 

 A preliminary point to be considered in this case is in respect to the exceptions made at the trial by a jury of the issue at law, sent from the court of chancery, or the equity side of the Circuit Court of the United States. On the..return of that issue to the equity side of the court, exceptions to the rulings were not made, or renewed against the correctness of the finding of the verdict, and consequently no opinion on them has ever been rendered by the court sitting in chancery. It is quite clear, then, that they are not before us on this appeal, which is only from a decree on the equity side of that CQurt.
 

 We wish it to be distinctly understood, as a matter of practice in like cases, that this court cannot express any opinion on matters ruled in any other court, or side of the court, than that appealed from ; and if it be necessary-to go into other courts to get verdicts or decisions on any portion of the case in its progress below, any objections to rulings on the pointp arising in .those trials or decisions must be presented for revision to the court rvhich orders the issue, and be acted upon there, if we are expected'to take cognizance of them here. Brockett
 
 v.
 
 Brockett, 3 How. 691; Van Ness
 
 v.
 
 Van Ness, 6 How. 62; Mayhew.
 
 v.
 
 Soper, 10 Gill & Johns. 372. Such, too, is substantially
 
 *228
 
 the doctrine in England. 2 Daniell, Ch. Pr. 746; Bootle
 
 v.
 
 Blundell, 19 Ves. 500.
 

 It is. next objected, that there was an error in the court in ordering such an issue to be tried by a jury, as it did in the present case. But we are not satisfied that, in referring the question of fraud in the conveyances to a jury for their verdict to aid the court in its inquiries, any thing improper was submitted. It did not, as has been contended, refer a question of law only. Fraud is often, as here, a mixed question of law and fact. Seward
 
 v.
 
 Jackson, 8 Cow. 406, 439; Brogden
 
 v.
 
 Walker’s Executor,
 
 2
 
 Har. & Johns. 291. And it might be very useful to have the view's of a jury on it, taking care to- instruct them concerning the law, and leaving to their exclusive
 
 consideration, as
 
 was probably done here, merely the facts as connected with that law. Such feigned issues are not for the assistance of parties so much .as of the court.
 
 2
 
 Daniell, Ch. Pr. 730. And though- they may not always be well made up, yet, as the court are influenced by the finding or not, as seems to it’ proper (19 Ves. 500; Allen
 
 v.
 
 Blunt, 3 Story, 746), it is very rare that ordering such a .1 issue can' be deemed a ground of error. It may, however, be conceded, that, if such an issue be one of mere law, or idle, or impertinent, it is erroneous.
 
 2
 
 Daniell, Ch. Pr. 315, 420, 730; Nicol
 
 v.
 
 Vaughan, 5 Bligh, 540 — 545; 3 Ves. & Beam. 43.- Disregarding, then, those exceptions made in the trial of this feigned issue, as not being legally before us, and overruling the objection to the propriety of the issue itself, the finding of the -jury, and the opinion of the court sitting in chancery on that part of vthe case relating to the fraudulent conveyances, would seem to be correct. At least, this court appears bound to consider it sp,
 
 prima facie;
 
 and we see nothing in the evidence itself, if reconsidered here, which would show the weight of it not to accord with their results. 2 Rand. 398; Hoye
 
 v.
 
 Penn, 1 Bland, Ch. 28; Kipp
 
 v.
 
 Hanna, 2 Bland, 26; 2 Har. & Johns. 292.
 

 Those results are, that all the deeds except the first- one were fraudulent against creditors. -The next inquiry is, whether the plaintiffs can legally be considered creditors at the time these deeds were executed. It is true, there must usually-be a debt preexisting. Sexton
 
 v.
 
 Wheaton, 8 Wheat. 229. In our view, a preexisting debt by a note, which was only renewed after-wards, with the same indorser, continued to be the same preexisting debt for this purpose as it stood originally, both as to the maker and indorser. They both regarded it virtually as the sanie, as no new consideration ever arose between the parties. Especially on the equity side of this court, and of the Circuit Court below, where the question arises, such a case
 
 *229
 
 ought to be regarded as much within the mischief of the statutes against fraudulent conveyances as if the action leading to judgment against the administrator had been on the original' indorsement of the original note.
 

 But further, it is objected that the debt here, at the time of the conveyances, was not absolute, as it should be in order to predicate fraud concerning it. But a contingent debt, likely to become absolute, and which afterwards does become absolute, is, both on principle and precedent, enough to furnish a motive to make a fraudulent conveyance to hinder or avoid its eventual payment. And’ this may be presumed to have been done here, provided circumstances exist indicative of fraud. King
 
 v.
 
 Thompson, 9 Pet. 220; Heighe
 
 v.
 
 Farmers’ Bank, 5 Har. & Johns. 68. Such circumstances must exist; and when the liability is contingent^ liké that of a warrantor or indorser, the conveyance cannot be considered as
 
 per se
 
 fraudulent. Seward
 
 v.
 
 Jackson, 8 Cow. 406, 439. But all the attendant facts here were scrutinized, and the inference of fraud seems to have been fairly deduced from the whole. 5 Gill & Johns. 633.
 

 There is another objection to a recovery by this bill in equity, because the original debtor, Sheehy, had made a conveyance in trust to Lee for the indemnity of Edward McLaughlin, and it is argued that the plaintiffs should' have resorted to that rather than to a suit against the administrator of Edward McLaughlin. But where the maker ánd indorser have-both had their liability fixed oh a note, an action will lie against either. Here both had become liable, else the indorser had not,, for the latter is never liable unless the maker is also; and that' the indorser had here become liable is to be presumed strongly from the actual recovery against-his administrator.
 

 The next objection is, that the judgment against the administrator of the indorser, the only evidence of a debt offered here, is no. evidence against the surety of the administrator, or against a fraudulent grantee- of the intestate debtor,-as is Bridget McLaughlin. But we think. otherwise. The administrator and his ■ intestate are privies, and the former is liable after one recovery against the goods in his hands, and another against-himself, suggesting a devastavit on a return of
 
 nulla bona..
 
 2 Brock. 213, 214.
 

 If the administrator, then, in such case, be estopped, as he is, to deny the indebtedness of the debtor whom he represents,, so must be his surety,
 
 prima facie
 
 at least. 1 Brock. 136, 268; 4 Johns. Ch. 620; 2 Rand. 398. So in a bill in chancery, charging, like this, fraud in the administrator and a grantee, we think that such a judgment, till impeached, is good against the fraudulent grantee. Birely
 
 v.
 
 Staley, 5 Grill & Johns. 433;
 
 *230
 
 Alston
 
 v.
 
 Munford, 1 Brock. 279; 2 Rand. 398. As
 
 to the
 
 heir, the question is different, and the force of the recovery may he much less. 2 Leigh, 84; Bank of United States
 
 v.
 
 Ritchie, 8 Peters, 128; 4 Har. & Johns. 270, 271; 1 Munf. 437, 455. Not being a privy in estate or deed with the administrator, it may not be
 
 res judicata
 
 or
 
 even prima facie
 
 valid, so as to bind either the heir or a devisee. 1 Brock. 145, 247; 1 Munf. 1, 437, 445; 5 Gill & Johns. 433. But a fraudulent grantee stands in a different relation, and his rights are in several respect's unlike theirs.
 

 The form of proceeding which has been adopted here against the surety is also excepted to. There is another- mode, to be sure, of proceeding against the surety, which is on the administration bond. But in that case, a judgment like this against the administrator would be presumptive evidence against the surety, though open, perhaps, to proof, if any "existed, of collusion or fraud in the judgment. In this way, also, though the creditor has a double remedy, if the surety has combined to commit a fraud and waste of the estate, and may proceed against him for that in a bill, or proceed on the administration bond, yet this double remedy is not unusual, nor exceptionable; and bills like these may well include all who have colluded with the administrator, or improperly intermeddled with the property, like executors
 
 de son tort.
 
 Holland
 
 v.
 
 Orion, 1 Mylne & Keen, 240; 1 Vez. sen. 105; 2 Keen, 534; Story, Eq. Pl. § 178. Chamberlayne
 
 v.
 
 Temple, 2 Rand. 398. But whether fraud is charged or not, such bills should usually include all persons who may be affected by being interested in the estate. Story, Eq. Pl. § 178; Bowsher
 
 v.
 
 Watkins, 1 Russ. & Mylne, 277. This is expedient in order to settle all the liabilities and exceptions in-one proceeding, and to ascertain how much ought to be charged on real, and how much on the personal estate. Story, Eq. Pl. 172 — 176. Here the collusion and waste are imputed to both the administrator and surety, and the same surety is charged with fraud in the purchase of the land, and this proceeding against them, whatever other remedy may exist, must therefore be deemed proper. Story, Eq. Pl. § 178; 1 Mylne & Keen, 237, 240; 1 Russ. & Mylne, 281, note; 5 Gill & Johns. 432, 453; 2 Rand. 398, 399; 10 Gill & Johns. 65, 100.
 

 The next objection is, that, by the laws prevailing in Alexandria, the first resort for payment of such a debt should be to the personal estate, before going to the real.. There seems to be not much doubt of this, as a general principle, under the laws of Maryland, by 5 Geo. 2, c. 7, before the cession of the northern portion of the District of Columbia. Those laws were adopted in that District, February 27th, 1801 (2 Stat. at Large, 103, 756;
 
 *231
 
 1 Har. & Johns. 469 ; 2 Har. & McHen. 12); and her laws in this respect appear to have been extended to Alexandria, June 24th, 1812. Davis’s Laws of District of Columbia, 264. The laws of Virginia prevailing there before do not seem on this point to have been materially different. 2 Leigh, 84; 2 Lomax, Ex. 512. There the real estate was made liable for certain debts, under an act of Parliament, as early as 1732, extending in terms to the Colonies. Tessier
 
 v. Wyse,
 
 3 Bland, 44; 2 Bland, Ch. 325. But still, “ in a creditor’s suit ” or bill, the personal estate should first appear on the hearing to be insufficient. 1 Brock. 79; 2 Bland, 317, 347; Wyse
 
 v.
 
 Smith, 4 Gill & Johns. 302; 2 Har. & McHen. 12. It does so appear here in substance. Here it is alleged, and not denied, that the personal estate has never been accounted for by the administrator or surety. It would seem on the evidence to have been left chiefly in charge of the surety, and to have been improperly applied to her own use. The objection, therefore, comes with a very ill grace from her. The administrator has also been found guilty of a devastavit in respect to it, and it is manifest there never was enough, either as sold or appraised, to defray the debt of t'he bank alone. Under these circumstances, then, a resort was proper to the real estate. Gordon’s Adm’r
 
 v.
 
 Frederick, 1 Munf. 1; 2 Bland, 347.
 

 It is further objected, that such a resort cannot be had, unless it is averred in the bill, as well as proved, that the .personal estate has been all exhausted in the payment of debts. The fact of the personal estate being exhausted in some way before' the real is taken from the heir, as heir, and applied, may, as before remarked, be proper to be first proved. But the necessity to aver it in so many words, even in the bill to charge an heir, is questionable. 1 Brock. 79; 2 Lomax, Ex. 250; 2 Story, Eq. Pl. §§ 174, 176. See forms in 2 Grattan, 532, and 3 Grattan, 371; Equity Draftsman, 157, 161, 180; Tessier
 
 v.
 
 Wyse, 3 Bland, 44. Such an averment does not affect the merits, because, whether averred or not, the court will not generally charge the land till satisfied that the personal estate has been wasted or is insufficient. Stevens
 
 v.
 
 Gregg, 10 Gill & Johns. 143. And it is usual, also, to have the prayer of the bill state, in some way, that the personal assets are insufficient. Such is the form in Beall
 
 v.
 
 Taylor, 2 Grattan, 532. But this deficiency need not be alleged to have arisen from the actual payment of debts. Some seem to consider it enough to aver that waste has been committed of the personal estate. 2 Bland, Ch. 347. Others, that
 
 it
 
 will suffice to state and to show judgment against it and execution unsatisfied. Rhodes
 
 v.
 
 Cousins, 6 Rand. 190; Liggat
 
 v.
 
 Morgan, 2 Leigh, 84. The English practice is, not to require any
 
 *232
 
 averment that the personal estate is exhausted, but merely to ask the land to be charged, if the personal estate be not enough. 3 Bland, 43; Davy
 
 v.
 
 Pepys, Plowden, 439; 3 P. Wins. 92, 333. So is it in New York. Thompson
 
 v.
 
 Bruce, 4 Johns. Ch. 620. It would seem, also, to be permissible in Virginia, where the heir or devisee for such debts as are chargeable on the land is joined in a! creditor’s bill with the executor or administrator, to examine into the condition of the personal estate, irrespective of any averment about its sufficiency, and, if found to be. enough, to dismiss the bill as to the heir (1 Brock. 79); and if not enough, to sustain the bill against the heir for, the deficiency. Such seems to be the practice, also, in some other places. 4 Johns. Ch. 621; Story, Eq. Pl. §§ 172, 174, 176; Hammond
 
 v.
 
 Hammond, 2 Bland, Ch. 306, 359; Tessier
 
 v.
 
 Wyse, 3 Bland, 59; Gibson
 
 v.
 
 McCormick, 10 Gill & Johns. 65.
 

 Many of the cases in Maryland, looking to the propriety of a fuller and direct averment that a deficiency has happened from the payment of debts, arise under laws passed since 1801, and.after her prior laws had been adopted in this District, and relate to heirs or devisees, rather than fraudulent grantees. Gibson
 
 v.
 
 McCormick, 10 Gill & Johns. 102. The following cases were, those of heirs who were infants or lunatics, and hence requiring the. aid and vigilance of chancery to protect them, by having debts clearly proved, and the personal estate first exhausted. 3 Bland, 49, 84; United States Bank
 
 v.
 
 Ritchie, 8 Peters, 128; Wyse
 
 v.
 
 Smith, 4 Gill & Johns. 302.
 

 Considering, then, that in Maryland and Virginia, no less than elsewhere, something is permissible short of a direct averment as to the exhaustion of the personal estate in the payment of debts in a bill against an ordinary heir as such, certainly the reason does not apply in a proceeding against a fraudulent grantee for any thing fuller or more direct, if so full. 5 Gill & Johns. 433. Such a grantee has no protection, like the heir, from want of privity or misconduct, and though he may be, in fact, the heir, as in this case, yet he takes by his deed,
 
 prior in tempore, and
 
 holds any surplus after paying debts as a voluntary and good grantee in respect to that surplus, and not as heir.
 

 When, therefore, -in a bill against such a fraudulent grantee, the fraud is averred, as here, and a waste of the personal estate, and the clause is stated to be made on that account, atl. is alleged which, seems necessary for. full notice, and for a decree againstsuch grantee, if at the hearing the fraud is substantiated, and the personal assets are proved to be wasted or insufficient.
 

 To show that the. averments in this bill come quite up to the usual standard in this respect, we need only cite from it
 
 *233
 
 the following, as to Edward McLaughlin: —
 
 “
 
 That he left no real estate, having fraudulently conveyed and disposed of the whole of it in favor of the said Bridget McLaughlin, as before stated. That, his personal estate has been made away with, and misapplied by his administrator, and the surety of said administrator, as before charged. Your orators are advised,''that the personal estate of the said McLaughlin is, in the first place, liable to the payment of their debts, if he left sufficient for that purpose, and that the said administrator and his surety are bound to render an account thereof. That if {he said personal estate be insufficient, then -that the real estate, fraudulently conveyed by him as aforesaid, is liable to make good any deficiency.”
 

 Our conclusions, then, on this point, are, that these allegations must be considered ample and explicit, enough for a proceeding against a fraudulent administrator and surety and fraudulent donee, whether looking to the Maryland, Virginia, or English practice as prevailing in Alexandria. Being also a proceeding in chancery, if in some respect argumentative, the averment is clear enough not to be mistaken, and opens for consideration the whole merits. -Because, as regards the defendants, if on principle they are answerable for personal estate squandered and misapplied.by themselves, and land fraudulently conveyed to one of them is not to be shielded, from liability in consequence of the waste of personal estate by herself,- then the allegations here are the proper ones, and, being the true-ones also, need no amendment. The facts established under them fully justify the decree below.
 

 So fhr from the principal defendant insisting or show ng, at the hearing in this case, that the personal assets were large enough to pay this debt, or have been so applied, and the land in her possession has been thus relieved from the charge, she contended that they were less in amount than the plaintiffs did; and the latter prove clearly that she joined the administrator in committing waste of what did exist, that is, consumed the very property she-urges the creditors should resort to before calling on her. • And though she is an heir of Edward McLaughlin, the proceeding here is against her, not as heir, but as surety to á defaulting administrator of the personal estate, and as fraudulent grantee of the real estate.
 

 There is no heir to this land, claiming it as heir; in any part of these proceedings, but a grantee of it, claiming by a deed, and which, if fraudulent, still entitles the grantee to hold it as grantee against -the heirs of the grantor, of whom there is one other not here, and places the heirs as such entirely out of the case,
 
 —hors de combat.
 

 
 *234
 
 As no other question arises on the appeal which is material and has not been arranged in submitting to a sale of the trust propérty, it is only nebessary to add that the judgment below must be affirmed.
 

 Mr. Justice McKINLEY dissented.
 

 Order.
 

 This cause came on to be heard on the transcript.of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Alexandria, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this cause be and the same is hereby affirmed, with costs.