Gholson, J.
The case of the State of Ohio v. Colerick, 3 Ohio Rep. 487, 488, was an action against a sheriff and his sureties for a false return on an execution. The only evidence offered by the plaintiff was the record of a judgment against the sheriff in a former action against him for the false return. It was held to be admissible, and, there being no other evidence, a recovery, for the amount for which it was rendered, against the sureties, was sanctioned. The distinction was taken — “ that where the sureties have notice of the suit, and may, or do make defense, the judgment is conclusive against them. Where such notice is not given, the judgment against the principal is prima facie only.”
The case of Westerhaven v. Clive, 5 Ohio Rep. 136, was an action against a surety, on the bond of a constable, for the neglect *76 of the constable to levy on property, and make the money ■under an execution placed in his hands. For this default the plaintiff had previously recovered a judgment against the constable, but the attempt to collect it, had been fruitless. On the trial the record of this judgment was offered in evidence, and, against an objection, received. The first error assigned in the supreme court, was the admission of this record in evidence, and though the judgment was reversed, yet as to that assignment, the court distinctly say, that upon it, “we can not reverse the judgment.” Indeed, it was not denied in that case, as appears from the opinion of the court, that the record was a proper item of evidence, it was only claimed to have been admitted for an improper purpose.
It is clear that these decisions establish, that the record of such a judgment, when the sureties had no notice, is prima facie evidence only, and while in the absence of other evidence, it will authorize a recovery against them, they have the right, not merely to attack the judgment for fraud or collusion, but to open up the inquiry into the merits. These decisions may be subject to just criticism and questionable as to the principle on which they rest. 2 Am. Lead. Cas. 441, et seq., and cases cited. But we do not feel, that after the lapse of thirty years we would be justified in disturbing them, supported as they are by highly respectively authorities. City of Lowell v. Parker, 10 Metc. 309; Masser v. Strickland, 17 Serg. & Rawle, 334; Evans v. Commonwealth, 8 Watts, 398; Garber v. The Commonwealth, 7 Barr, 265 ; McLaughlin v. Bank of Potomac, 7 How. 220 ; Jacobs v. Sill, 2 Leigh. 393.
It can not now be urged that the rule will operate as a hardship upon the sureties in such bonds. For, as said in one of the cases cited: “ Seeing that it has become the settled rule of law in regard to the sureties in a constables’ bond, .... they must be presumed to have known that such'was the law, when they entered into the bond; . . . . hence those who have become sureties for constables, since the establishment of the rule, in this respect, can have no reason to complain of it.” 8 Watts, 399.
It is claimed however, that admitting the rule, it does not *77 apply in this case,' because the record offered does not show a case of recovery against the constable for official misconduct; it shows only the recovery of damages for a trespass. This precise point was considered in one of the cases cited. It was said in that case, of the judgment in the action of trespass against the constable, that it purported to prove nothing more than that he “ unlawfully took certain goods of the plaintiff. Whether he was an officer, or whether he took them by color of office, it does not purport to decide. All that, therefore, is left to evidence aliunde,” 10 Mete. 315. The necessity for other evidence to show the connection of the trespass with the official position of the defendant, was not allowed to preclude the admissibility of the judgment to show the wrongful act in taking the goods. Id. 314.
The question which arises on the charge of the court, depends upon this — whether, as in a writ of replevin, the property alleged to be owned by the plaintiff, and to be wrongfully detained by the defendant, is specifically described, the officer will be justified in taking that property from the possession of a third person, who is the bona fide owner of it at the time of the execution of the process ? In view of this inquiry, it is-important “to observe, that while the rights of the defendant are sedulously guarded, by a.bond required from the plaintiff, no guard or protection is afforded" in the proceeding to the rights of third persons. Again, that unlike in proceedings strictly in rem., as in admiralty and in chancery, where an officer is directed to take possession of «specific property, that the rights of parties thereto .may be ascertained, the property is not retained in the p ssession of the officer, but is delivered to the plaintiff, and no provision is made for third persons to intervene and assert their claims.
It has been decided, that it is the wrongful detention “ that gives the right of action in Ohio. Indeed, a tortious talcing, without a subsequent wrongful detention, would not support the action. The writ can not issue without the affidavit of the party, or his agent or attorney, of such unlawful detention. The question then arises, in this case, can a party wrongfully obtain the possession of the property, who has not the posses *78 sion, either actual or constructive ? Without such possession, there is no power to deliver the property, and, consequently, no legal liability could accrue from a non-delivery.” Bogan v. Stoutenburgh, 7 Ohio Rep. 2 pt. 133. As without a possession actual or constructive, there would be no power in the defendant to deliver — as the detention by the defendant is the very ground of the proceeding, there can be no impropriety, and a just regard to the rights of third persons requires, that the attention of the officer should be directed to that point. As in the ordinary case, where property recently in the possession of the defendant in an execution, is found in the possession of a third person, the officer may inquire, whether the change of possession has been bona fide, so he may as to property described in a writ of replevin. His action should be governed by like considerations, and subject to like responsibilities.
In the case of Moulton v. Jose, 25 Maine, 76-81, in which the powers and responsibilities of a sheriff, were the subject of consideration, it is said: “ Whenever a sheriff is guilty of any act, under color of his office, directly affecting the rights of parties not named in his precept, they have a remedy against him.”
This principle was involved in a case in Connecticut, under a special statute of that state for the recovery of the possession of premises held under leases. The action was trespass against the officer for turning out of the possession a person who was no party to the proceeding. The general language of the statute, that possession of the leased premises was to be given, was relied on as protecting the officer. .The court say: “It is clear, that this power, thus conferred, is not to be extended beyond the object contemplated, unless the terms of the statute imperatively require it. The object in view, evidently, is, to restore to the plaintiff a possession which is retained by the defendant contrary to an express stipulation. It does not purport to affect the rights of any but those who were parties, or derive rights from parties. ... We must then examine with care the language of the statute, to see if there is anything, which requires a construction that will affect the innocent as well as the guilty, those who have title as well those *79 who have not, and those who have no notice, as well as those who have had due notice. ... It may be said, how is the sheriff to know who do claim under the lessee ? He must act as in other cases, at his peril. When reasonable doubt exists, he is not bound to proceed without indemnity : and then the loss, if any occurs, will fall where it ought. Colt v. Eves, 12 Conn. 243, 259.
The same principle appears to be sanctioned, though the actions were not against officers, in the cases of Warren v Cochran, 10 Foster, 379, and Shepard v. Pratt, 15 Pick. 32.
In the case of Stimpson v. Reynolds, 14 Barbour, 506, the syllabus of the decision is as follows. “ An officer is not protected in taking, under a writ of replevin, the property of a third person, in no way a party to the replevin suit, although the goods seized are the specific chattels which the writ of replevin directs him to take.” In the subsequent case of Foster v. Pittibone, 20 Barbour, 350, this was said to have been a dictum, and the point, by a divided court, was decided differently. And there is a dictum of Bronson, C.J.,'in Ship-man v. Olarh, 4 Denio, 446, in accordance with this subsequent decision. This decision and the dictum of Bronson, C.J., proceed on the authority of the case of Hallett v. Byrt, Carthew, 380. Whether that authority properly applies to proceedings in replevin in New York, is for the courts of that state to decide. The distinction pointed out in the case of Rogan v. Stoutenburgh, between replevin in England and in Ohio, shows that it can not properly apply in this.state. “In England, this action will only lie where there has been a taking of the goods and chattels. It will not lie where they have been delivered on a contract, whatever may be the character of any subsequent detention.” 7 Ohio Rep. 2 pt. 133, citing Galloway v. Bird, 4 Bing. 299. Now, when goods are wrongfully taken from a party, his right to have the specific property returned presents a different consideration from that where he asserts a title as owner, and claims that they are wrongfully detained. And the case in Carthew distinctly shows that where the right of property is in question, the officer may be a trespasser : that he has no right to take the property from *80 the possession of a third person who claims title as owner, and can in an action against him establish such claim. It is said m that case : “ And no action of trespass will lie against the defendants (the officers), for taking goods or cattle by virtue of a replevin, unless he who hath the possession, claims a property when the officers come to demand them, and they take them notwithstanding such claim of property; and this special matter must come in by way of replication by the plaintiff.” Carthew, 381.
Por the errors in rejecting the record as evidence and in the charge of the court, which have been pointed out, the judgment must be reversed and the case remanded for another trial.
Judgment reversed.
Peck, C.J., and Brinkerhoee, Scott and Ranney, JJ., concurred.