TREZEVANT v. TERRELL.

(*Jackson.*   February 15, 1895.*)

1. VOLUNTARY CONVEYANCE. *Presumed fraudulent as to existing creditors.*

A voluntary conveyance is presumed fraudulent in favor of the donor's existing creditors.

Cases cited and approved: Nicholas v. Ward, 1 Head, 323; Smith v. Greer, 3 Hum., 118; Susong v. Williams, 1 Heis., 631; Yost v. Hudiburg, 2 Lea, 627.

2. SAME. *Who is an existing creditor.*

A creditor does not lose his right against a voluntary conveyance for an existing indebtedness by taking notes for it and a subsequent indebtedness bearing date after the conveyance.

3. SAME. *Void as to subsequent creditors, when.*

A voluntary conveyance, fraudulent as to existing, is likewise fraudulent as to subsequent indebtedness.

Cases cited and approved: Young v. Pate, 4 Yer., 164; Greenlee v. Hays, 1 Tenn., 300; Nicholas v. Ward, 1 Head, 325.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. JON. L. T. SNEED, Ch.

S. J. SHEPHERD for Trezevant.

CHARLES SCOTT, and MOORE & JONES for Terrell.

* This opinion was not handed to the Reporter in time for Volume XI.

McALISTER, J. The object of this bill is to set aside an alleged fraudulent conveyance, and to subject the property therein conveyed to the payment of complainants' debt. The bill is filed by M. B. Trezevant and John M. Peters, assignees of Thomas H. Allen & Co., against A. C. Terrell, Laura B. Terrell, his wife, Katie C. Terrell, Charles D. Terrell, and W. J. Terrell. It is alleged in the bill that the defendant, A. C. Terrell, is indebted to complainants, as assignees of Thomas H. Allen & Co., in various amounts, as evidenced by certain promissory notes, which are fully described in the bill, aggregating probably the sum of $86,920.60. It is further alleged that on April 5, 1888, the said A. C. Terrell transferred and conveyed to his wife, Laura B. Terrell, and to his children, Katie C. and Chas. D. Terrell, by deed of gift, in consideration of love and affection, certain real estate in Shelby County, which is fully described in the bill. It is further alleged that at the date of this conveyance, to wit: on April 5, 1888, the said A. C. Terrell was indebted to the firm of Thos. H. Allen & Co., in the sum of $9,563.54, which is embraced in the indebtedness specifically described in the bill. It is further alleged that on February 16, 1893, said Laura B. Terrell, who was joined therein by her husband, the said A. C. Terrell, attempted to make a conveyance of the aforesaid property to W. J. Terrell, but that the certificate of acknowledgment is fatally defective, and conveyed no title to the

34—12 p

said W. J. Terrell. Counsel for Laura B. Terrell demurred to the bill, assigning four grounds, all of which were sustained by the Chancellor, and complainants' bill dismissed.

The complainants appealed, and have assigned as error the action of the Chancellor in sustaining the demurrer. The first ground of demurrer is, that the bill shows on its face that all the notes sued on are of a date subsequent to the date of the deed, and the alleged pre-existing debt, being embraced in said notes, is, thereby, also made a subsequent debt, and cannot affect the validity of the conveyance in the absence of an allegation of fraud, which is not made in the bill. The contention of counsel for Mrs. Terrell is, that the alleged pre-existing debt of $9,563.64 had been mingled, by the creditor, with the large debt created after the conveyance, and that complainants are, therefore, subsequent creditors only. We think this contention is unsound. Mr. Bump, in his work on Fraudulent Conveyances, 2d Ed., p. 498, states the law on this subject as follows: ''The rights of a creditor, however, arise from the fact that a debt is due. Any change, therefore, of the evidence of the existence of the debt does not exert any influence upon those rights. Evidence may be introduced to show that a judgment is founded upon a prior claim. A note may be shown to be given for a prior account, or in renewal of a prior note. A novation does not affect the rights under the debt.'' The author states,

Trezevant *v.* Terrell.

however, that a renewal by which a liability is created different from that created by the original debt, is a new debt.

In the case at bar, the pre-existing debt of $9,653 was simply merged in the indebtedness contracted subsequent to the conveyance, and notes executed by the debtors for the whole amount, but no liability was thereby created different from that created by the original debt. We are all of opinion that the allegations of this bill make out a case for an answer. The demurrer admits that, on April 8, 1888, when this conveyance was made by Terrell to his wife and children, that Terrell was indebted to Thos. H. Allen & Co. in the sum of $9,653.50, and that the conveyance was not for a valuable consideration. The conveyance was, therefore, presumptively fraudulent. *Nicholas* v. *Ward*, 1 Head, 323; *Smith* v. *Greer*, 3 Hum., 118; *Susong* v. *Williams*, 1 Heis., 631; *Yost* v. *Hudiburg*, 2 Lea, 627.

Fraudulent as to the existing indebtedness, it is likewise fraudulent in respect of that contracted subsequently. *Young* v. *Pate*, 4 Yer., 164; *Greenlee* v. *Hays*, 1 Tenn., 300; *Nicholas* v. *Ward*, 1 Head, 325.

We have also examined the other grounds of demurrer, and, in our opinion, they are not well taken. The decree of the Chancellor is reversed, and the cause remanded for an answer.