[No. 783.    August 28, 1899.]

FIRST NATIONAL BANK OF ALBUQUERQUE, Plaintiff in Error, v. LESSER & LEWINSON, Defendants in Error.

SYLLABUS BY THE COURT.

PARTNERSHIP—ADMISSION OF PARTNER—COMPETENCY—RENEWAL NOTE —FRAUDULENT TRANSFER OF PROPERTY—ATTACHMENT—AFFIDAVIT CHARGING FRAUD—PROOF—LIMIT—EVIDENCE—MATERIALITY—AS-SIGNMENT—MORTGAGE—TRANSMISSION OF MONEY BY MAIL.—1. An admission or declaration made by one partner as to the firm's assets and liabilities, for the purpose of obtaining credit, is competent evidence, at least in the absence of objection on that ground, to show the amount and kind of property the firm had at that time.

2. The holder of a renewal note is entitled to the same remedies against a fraudulent transfer of property as if he were proceeding upon the original note.

3. Where an attachment affidavit charges a fraudulent disposition of property by a firm, plaintiff is limited in his proof to that class of transfers.

4. Without tracing any property, or the proceeds thereof, from either of defendant partners to his wife, it is immaterial, in support of the attachment affidavit charging fraudulent disposition and concealment, to show that defendants' wives became the purchasers of the firm property from the assignee after assignment for creditors.

5. Plaintiff offered in support of its attachment affidavit evidence that the son-in-law of one defendant partner, shortly after a general assignment by the firm, paid off a mortgage on defendant's property with defendant's money. Held, not competent evidence to support the allegation of fraudulent disposition and concealment by the firm.

6. Plaintiff offered to show that defendants, shortly before attachment and assignment for creditors, transmitted money through the post-office. Held, to be competent in support of attachment affidavit.

*Error*, from a judgment for defendants on the attachment issue, to the Second Judicial District Court, Bernalillo County. Reversed and remanded.

The facts are stated in the opinion of the court.

A. B. McMILLEN for plaintiff in error.

Any material fact may be proved by the admission of a party to the cause. Greenlf. Ev., secs. 171 174; Stark Ev., star p. 50; Whar. Ev. 1194.

A renewal note is not payment of the debt evidenced thereby. Danl. Neg. Insts., secs. 1266a, 1266c; Bump. Fraud. Convey. (4 Ed.), sec. 296.

No right is lost by change of securities, and the holder of a new note in exchange for an old one may attack a conveyance which is fraudulent as to the old one. Wait. Fraud. Convey. (3 Ed.), sec. 89; Thompson v. Hester, 55 Miss. 656; Gordon v. Baker, 25 Ia. 34; Lowry v. Fisher, 2 Bush (Ky.) 70; Trezevant v. Terrell, 96 Tenn. 530; Miller v. Hilton, 88 Me. 429.

To sustain an attachment under our law, it is not necessary to show either the intent to hinder, delay or defraud creditors, or that the act complained of was in fraud of plaintiff. Comp. Laws 1897, sec. 2686, subdivs. 2, 3; Reed v. Pelletier, 28 Mo. 173; Douglas v. Cisna, 17 Mo. App. 44; Noyes v. Cunningham, 51 Id. 194.

Intent to defraud is sufficient though transfer is valid as to grantee. Enders v. Richards, 33 Mo. 599.

It may be fraud in law or fraud in fact. Leitensdorfer v. Webb, 1 N. M. 35; Meyer v. Block, 16 Pac. Rep. (N. M.) 620, 627; Lawson v. Frank, 108 Ill. 502, 507; Cook v. Burnham, 44 Pac. Rep. (Kan.) 447.

It is the duty of the debtor to so have his property that it may be seized on execution or other legal process for recovery of debts. Curtis v. Settle, 7 Mo. 452.

The concealment of money received from the sale of goods is as fraudulent as the concealment of the goods. Powell v. Matthews, 10 Mo. 49, 53; Anderson v. O'Reilly, 54 Barb. 620. See, also, Grocery Co. v. Fergusson, 29 S. W. Rep. (Ark.) 275; Mathews v. Luth, 45 Mo. App. 455; Mahner v. Lee, 70 Id.; Perea v. Bank, 27 Pac. Rep. 323.

CHILDERS & DOBSON for defendants in error.

Upon the question of fraudulent disposition of property and what constitutes fraud see: Shore v. Farwell, 9 Ill. App. 256; Trebilcock v. Mining Co., 68 N. W. Rep. 330.

The proposition announced by plaintiff in error that a renewal note is not payment of a debt evidenced thereby, is not supported by authority. Nor is the proposition that a party loses no rights by change of security applicable. Cornwall v. Gould, 41 Pick. 444; Huse v. Alexander, 2 Met. 157.

The making of a general assignment under the voluntary assignment law of 1889 was not such a fraudulent disposition of defendants' property or an attempt to fraudulently convey, conceal or dispose of the same, so as to hinder, delay and defraud their creditors. Meyers & Sons v. Black, 4 N. M. 352; Torlina v. Trorlicht, 5 Id. 148; Wearne v. France, 21 Pac. Rep. 703. See, also, Spencer v. Deagle, 34 Mo. 435; Murray v. Cason, 15 Id. 379; Gates v. Labeaume, 19 Id. 17; Dougherty v. Cooper, 77 Id. 529; 1 Wade on Attach., sec. 97; Commission Co. v. Druley, 41 N. E. Rep. 48.

PARKER, J.—On the fourteenth day of January, 1896, the plaintiff in error began this suit as plaintiff in the district court against Lesser & Lewinson, upon a promissory note for $2,500 and a writ of attachment was issued in aid of said action and levied upon the stock of dry goods of the defendant. The grounds stated in the attachment affidavit were as follows: "And affiant further says that he has good reason to believe and does believe that the said defendants have fraudulently concealed and disposed of a part of their property and effects, so as to hinder, delay and defraud their

creditors; and are about fraudulently to convey, conceal and dispose of their property and effects so as to hinder, delay and defraud their creditors."

The attachment issue was tried to a jury and at the conclusion of plaintiff's evidence the court directed a verdict for the defendant.    Thereupon a jury was waived in the main case and the issue tried by the court, resulting in a judgment for the plaintiff in the sum of $3,191.    Plaintiff filed a motion for a new trial in the attachment issue, which was overruled by the court and this cause comes into this court by writ of error.

Plaintiff files the following assignment of errors:    1. The court erred in directing a verdict for defendant upon the attachment issue in this cause.    2.    The court erred in overruling plaintiff's motion for new trial.    3.    The court erred in excluding the deposition of James E. Turtellot.    4.    The court erred in refusing to admit in evidence the deed from Lesser & Lewinson to Henrietta Farmer.    5.    The court erred in refusing to admit in evidence deed from Louis Lesser and wife to W. A. Maxwell.    6.    The court erred in holding that a renewal of a note is an extinguishment of the debt, and that plaintiff could not question any transaction prior to the date of the note sued on, notwithstanding said note was merely a renewal of indebtedness existing long prior to the date of the transaction complained of.    7.    The court erred in refusing to allow plaintiff to show the relationship of the transferees of the property to the defendants.    8.    The court erred in refusing to allow plaintiffs to show that immediately after the sale by assignee, the defendants took charge of the property assigned, claiming to be acting for their wives as owners of said property.    9.    The court erred in refusing, to allow plaintiff to show that soon after defendants assigned for the benefit of creditors, the son-in-law of the defendant Lewinson paid off the mortgage upon the homestead of said Lewinson with the money of the said Lewinson.    10.    The court erred in refusing to require Earnest A. Grunsfeld, postmaster, to produce documentary evidence called for by sub-

poena duces tecum, issued in said cause, and for other errors manifest upon the record.

1.   The first assignment noticed in plaintiff's brief is the third.   The plaintiff offered the deposition of several persons other than plaintiff, to whom one of defendants made statements in January, 1895, as to assets and liabilities of the firm at that time, as a basis of credit.   This proof was offered for the purpose, not of showing that the statements were false, or that the debt to plaintiff or anyone else was fraudulently incurred, but for the purpose simply, of showing that the defendants had a certain amount of property at that time.   It was certainly material for plaintiff to show that defendants had property which might be the subject of fraudulent disposition, else they could show no fraudulent disposition of property in support of the attachment affidavit.   The evidence offered was a direct admission or declaration made by one partner as to the firm's assets and liabilities and was competent evidence, at least in the absence of objection on that ground, of the facts stated.

PARTNERSHIP:
admissions of
partner:
competency.

2.   The next assignment noticed in plaintiff's brief is the fourth.   Plaintiff offered the deed of Lesser & Lewinson to Henrietta Farmer, dated May 14, 1895, several months prior to the date of the note sued on, which was excluded on the theory that it was not material, it antedating the indebtedness to plaintiff.   Plaintiff then offered to show that the note sued on was a renewal of a note or notes evidencing indebtedness incurred long prior to the conveyance, but the court still adhered to its ruling.   In this we think the court committed error.   It may be stated generally, that a note taken for a precedent debt is not regarded as payment of it, unless the parties so agree.   2 Daniel's Neg. Instr. [4 Ed.], sec. 1260; 16 Am. and Eng. Ency. of Law, p. 873.

RENEWAL note:
fraudulent
transfer of
property.

And a note given in renewal of a former note is not regarded as payment of the former, in the absence of an agreement to that effect.   2 Daniels, Neg. Ins. [4 Ed.], sec. 1266,

1266a, 1266c; 16 Am. and Eng. Ency. of Law, p. 876.    This
principle has been applied in cases of fraudulent conveyances,
like the one under consideration, and it is laid down that a
party loses no rights by change of security, and the holder of
a new note in exchange for an old one may attack a convey-
ance which is fraudulent as to the old one.    Bump. Fraud.
Convey. [4 Ed.], sec. 507; Wait Fraud. Convey. [3 Ed.],
sec. 89; McLaughlin v. Bank of Potomac, 7 How. 220;
Thompson v. Hester, 55 Miss. 656; Gardner v. Baker, 25 Iowa
343; Lowery v. Fisher, 2 Bush (Ky.) 70; Tresevent v. Ter-
rell, 96 Tenn. 530; 33 S. W. Rep. 109; Miller v. Hilton, 88
Me. 429; 34 Atl. Rep. 266; Lee v. Hollister, 5 Fed. Rep. 752.
It follows that the plaintiff was a creditor at the time of the
conveyance and the deed should have been admitted.

The plaintiff then offered several deeds of the individual
members of the firm of Lesser & Lewinson, and their wives,
conveying property not shown to be firm prop-
erty, and we think the court properly excluded
them.    This action was brought against the
firm of Lesser & Lewinson as such.    It is true
that under our statute, section 2943, Compiled Laws of 1897,
the judgment might be enforced against the firm property and
that of each member thereof, they having appeared in the
action.    But the allegations of the affidavit for attachment
are too narrow to admit of this proof.    The affidavit, after
stating that Lesser & Lewinson are indebted, etc., further
states that "the said defendants have fraudulently concealed
and disposed of a part of their property," etc., "and are about
fraudulently to convey, conceal and dispose of their property
and effects," etc.    However important it might be to plaintiff
to show these transfers, no such disposition of property is al-
leged and proof of the same would support no allegation of
the attachment affidavit.    The plaintiff having limited by his
pleading the class of transfers complained of, it would be in-
competent for him to prove other classes of transfers.

3.    The eighth assignment refers to the exclusion of evi-
dence that the wives of the defendants became the purchasers

VOL. 9 N. M.—39

of the stock of merchandise from the assignee,

FRAUDULENT
transfer of prop-
erty: evidence:
materiality.

and the defendants took charge of the same thereafter as agents for their wives. Without tracing any property, or the proceeds thereof from either of the defendants to his wife, I can not see how the evidence would be material as supporting the allegation of fraudulent disposition or concealment.

4. Plaintiff offered to show that after the attachment and assignment, the son-in-law of Lewinson paid off a mort-

ASSIGNMENT:
mortgage:
evidence:
competency.

gage upon Lewinson's homestead with Lewinson's money. This it seems was incompetent for the same reasons that individual deeds of the partners were incompetent and was properly excluded.

5. The plaintiff asked an order upon the postmaster at Albuquerque to produce his record to show what moneys had

TRANSMISSION of
money by mail:
evidence:
competency.

been sent by the defendants through this department prior to the attachment. This the court refused to make, and the plaintiff was not permitted to show by secondary evidence the contents of the postoffice records. This we think was error. This testimony tended to support the affidavit of fraudulent concealment or disposition of defendants' property.

For the errors assigned, the judgment of the lower court must be reversed and the cause remanded with instructions to grant a new trial, and it is so ordered.

Mills, C .J., and McFie, J., concur.