**BRADY et al. v. GAMES.**
No. 8010.

United States Court of Appeals for the District of Columbia.

Argued April 14, 1942.

Decided June 8, 1942.

Mr. W. B. O'Connell, of Washington, D. C., with whom Mr. William A. Gallagher, of Washington, D. C., was on the brief, for appellants.

Mr. Robert H. Hunter, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

On December 21, 1933, J. Frank Brady, now deceased, made a written agreement with Mildred Games, appellee here. She released him from "any and all claims, at law or in equity" which she had against

him, on her own behalf or her child's. "In consideration of the above release," he promised to pay her certain lump sums and $50 a month for her child's support during minority.

On August 6, 1934, she sued him in the Municipal Court for arrears under the agreement. On September 7, 1934, while that suit was pending, he transferred his home to his wife. The conveyance was promptly recorded. On November 6, 1936, he died, and payments to appellee, which were then current, ceased. John Francis Brady was appointed administrator c.t.a. on June 22, 1938. Appellee filed a claim under the agreement, which the administrator declined to pay, and brought this suit against him and the widow. Appellee seeks to recover a money judgment against the administrator, and to set aside the transfer as fraudulent.

The widow and the administrator contended that the agreement was invalid and the transfer valid. They contended that the home was bought with the wife's money, and was therefore hers in equity; and also that appellee was guilty of laches. The jury found that the decedent transferred his home with intent to "hinder, delay or defraud" appellee; that Mrs. Brady, the transferee, had no notice of that intent; but that none of her money not acquired from her husband had gone into the house. The court gave judgment for appellee against both defendants, and they appeal.

█ Appellants say that appellee did not sufficiently allege or prove either consideration for the agreement or fraud in the transfer. The complaint set forth the agreement in full, and also alleged that the deceased "conveyed all his property, real and personal, to-wit [a certain lot] to defendant, Anne J. Brady, his wife, for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness" under the agreement. We think this was sufficient. It is not clear how "the circumstances constituting fraud" could have been stated with substantially greater particularity[1] without improperly pleading items of evidence.[2] The agreement was valid on its face, and the burden of proving it invalid was on appellants.[3] Since they offered no such proof, there was no issue for the jury on that point. Appellants had, at the same time, the burden of proving that the transfer was valid.[4] Mrs. Brady did not contend that she paid her husband a present consideration for it. Her testimony that her own money had been used to buy the house, though not directly contradicted, was not conclusive. She offered no confirmation of her statement that she drew the money from her bank accounts in Massachusetts. The decedent earned a substantial salary. Title to the house was originally taken in his name, and was so held for fourteen years. He said he would "fix it" so that appellee would get nothing under the agreement. These facts, together with the fact that he transferred the house to his wife while a suit on the agreement was pending against him, justified the jury in declining to accept her testimony as true.[5]

█ Appellee was not guilty of laches. The first default under the agreement, after the transfer of the house, arose on decedent's death in November, 1936. No letters were issued on the estate until June 22, 1938. The administrator rejected appellee's claim on August 4, 1938, and she brought this suit on April 22, 1939. Earlier action to set aside the transfer might have been premature[6] and was certainly unnecessary.[7]

█ The transfer is void only as against appellee, since it does not appear that anyone else was "hindered, delayed or defrauded."[8] To the extent that the judgment avoids the transfer as against other persons, it should be modified. The costs will be charged to appellants.

Modified and affirmed.

---

[1] Federal Rules of Civil Procedure, Rule 9(b), 28 U.S.C.A. following section 723c.

[2] Appellants do not contend that they were prejudiced, through surprise or otherwise, by lack of particularity. It follows that they were not prejudiced by denial of their motion for a bill of particulars.

[3] Watson v. Dunlap, D.C., Fed.Cas. No. 17,282, 2 Cranch C.C. 14.

It is unnecessary to consider whether validity was res judicata by reason of the judgment in the prior Municipal Court action.

[4] Evans v. Bell, 49 App.D.C. 238, 263 F. 634. Cf. D.C.Code (1940), § 30—207.

[5] Cf. Evans v. Bell, supra.

[6] Cf. Capitol Dress Mfg. Co. v. Moran, 65 App.D.C. 400, 84 F.2d 253; Dunn v. Murt, 4 Mackey, D.C., 289.

[7] Cf. McLaughlin v. Bank of Potomac, 48 U.S. 220, 7 How. 220, 12 L.Ed. 675.

[8] Breneman v. Herdman, 35 App.D.C. 27, 37; note 91 A.L.R. 133, 138; D.C.Code (1940), § 12—401.