**LOEW'S Inc. et al. v. MAKINSON, et al.**
Civ. Nos. 25213–25219.

United States District Court
N. D. Ohio, E. D.
Jan. 11, 1950.

Luther Day, Cleveland, Ohio, for plaintiff Loew's Inc.

Luther Day, Thomas M. Harman, John S. Pyke, Cleveland, Ohio, for plaintiff Universal Film, Inc.

John S. Pyke, Cleveland, Ohio, for plaintiff United Artists Corporation and others.

Ray T. Miller, Clarence E. Weisell, John H. Ritter, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

These are actions for damages based on the fraudulent conduct of defendants in their contractual relationships with the plaintiffs. There are seven related cases but the motions of defendants are the same in each case and can be treated as if but one action were involved.

■ Defendants have moved for a more definite statement and for a bill of particulars. Motion for a bill of particulars was abolished by the 1948 amendments, so the motions of defendants will be treated as a motion for a more definite statement.

Plaintiffs have agreed to amend their petition to state whether the contracts involved were oral or written, and to state the date of the discovery of defendants' fraud. The Court, therefore, will order these amendments made.

■ Motion for a more definite statement is granted only when the pleading is so vague that it is unreasonable to expect a responsive pleading may or can be framed. Defendants protest that there are so many transactions involved that they cannot know which transactions were allegedly fraudulent, and they cannot, therefore, frame a responsive pleading. However, Rule 8(b), Federal Rules of Civil Procedure, 28 U.S.C.A., permits, when defendant is without knowledge or information to form a belief as to the truth of an allegation, to so state and such statement has the effect of a denial. Such procedure can be followed here and the rules of discovery used to obtain the information desired. An additional reason for the overruling of defendants' motion is that the granting of the motion would enlarge the complaint to proportions beyond those contemplated by Rule 8(a) which provides for a short and plain statement of plaintiff's claim. This reasoning applies to paragraphs 2, 5, 6, 7 and 9 of defendants' motion.

■ Defendants have also asked that plaintiffs be more explicit in their charges of fraud and give all particulars of the many alleged acts of fraud. This motion is made in accordance with Rule 9(b). Cases which have considered 9(b) hold that evidentiary material need not be given but that the facts which constitute the fraud must be pleaded. In the complaints the fraudulent acts are detailed with enough particularity to inform defendants of what the plaintiffs claim was fraudulent conduct. This seems to be sufficient. Mutual Life Insurance Co. of New York v. Krejei, 7 Cir., 123 F.2d 594; Brady v. Games, 76 U.S.App.D.C. 47, 128 F.2d 754. Perhaps, if only one fraudulent act were involved, more details as to time and place would be required but in these actions such detail would unduly lengthen the complaints in violation of Rule 8(a).

The overruling of defendants' motions means that they may resort to the use of

the discovery procedure. From all indications plaintiffs do not have all the information desired by defendants. Plaintiffs also have a motion for discovery pending. It would seem just, when and if plaintiffs' motion is granted, to allow defendants access to all information uncovered by plaintiffs as to particular acts of fraud on which they will rely. Defendants, when plaintiffs' motion is being considered may apply for an order to this effect.

The motions will be overruled except as otherwise indicated herein.