**Viola B. PAGE, Appellant,**

v.

**Sophie COMERT et al., Appellees.**

**No. 13193.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 6, 1957.

Decided March 28, 1957.

Petition for Rehearing Denied May 17, 1957.

Mr. Andrew Wilton Carroll, Washington, D. C., for appellant.

Mr. Joseph Lapiana, Jr., Washington, D. C., with whom Mr. Joseph G. Weeda, Washington, D. C., was on the brief, for appellee Sophie Comert and certain other appellees.

Mr. Herman Miller, Washington, D. C., for appellee Augie G. Urciolo.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

The District Court dismissed appellant's amended complaint. We find the order of dismissal proper in all respects, save as to Count II insofar as it is brought against appellees Augie C. Urciolo and J. John Urciolo. As to them, we think, it cannot be said, as the District Court's order does, that Count II does "not state a cause of action."

Count II is denominated "Claim for damages—fraud, deceit, misrepresentations." It alleges that (1) appellant was "unskilled" in real estate matters and therefore relied wholly upon the direction, advice and representations of the Urciolos, real estate brokers; (2) they knew of her inexperience and her reliance upon them; (3) to induce her to enter into the real estate exchange here in question, they represented to her, in substance, that the value of the property she was to receive was equivalent to what she was to give for it; (4) they knew or should have known that this representation was false; (5) she relied upon the representation and made the exchange; (6) she "has now learned"

of the falsity of the representation;[1] and (7) by reason of her reliance on the false representation, she paid some $20,000 for property worth only $14,000. There are thus alleged in this count all of the elements of a fraud complaint. Southern Development Co. of Nevada v. Silva, 1888, 125 U.S. 247, 250, 8 S.Ct. 881, 31 L.Ed. 678. We think "the circumstances constituting fraud" have been stated with sufficient particularity to save the count against a motion to dismiss. Rule 9(b), Fed.Rules Civ.Proc. 28 U.S.C.A.; Brady v. Games, 1942, 76 U.S.App.D.C. 47, 128 F.2d 754. Deficiencies in appellant's case against the brokers may, of course, appear in subsequent proceedings. We hold only that their motion to dismiss should not have been granted as to Count II.

Affirmed in part and reversed in part and remanded to the District Court for further proceedings not inconsistent with this opinion.

[1]. This allegation of discovery of the alleged fraud contemporaneously with the filing of a complaint disposes of appellees' contention based on the statute of limita-

tions, D.C.Code, § 12-201 (1951), at least for purposes of the motion to dismiss. See Wiren v. Paramount Pictures, 1953, 92 U.S.App.D.C. 347, 206 F.2d 465.