244 F.2d 347
 100 U.S.App.D.C. 258
 Jacqueline MERCHANT, Committee of the Person and Estate of
Ronald Merchant, Appellant,
v.
Joe S. DAVIES, Executor under the Will of Ann Merchant,
Deceased, and Julitta Heinen Behrooz and Maria
Heinen, Intervenors, Appellees.
 No. 13425.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 17, 1957.
Decided April 18, 1957.
Rehearing Denied May 23, 1957.
 
 Mr. Ira S. Siegler, Washington, D.C., with whom Mr. Henry H. Brylawski, Washington, D.C., sas on the brief, for appellant.
 Mr. George Bronz, Washington, D.C., for appellees Behrooz and Heinen.
 Mr. Ralph F. Berlow, Washington, D.C., entered an appearance for appellee Davies.
 Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.
 EDGERTON, Chief Judge.
 
 
 1
 This appeal is from orders denying leave to amend, and dismissing, a petition or caveat to revoke the probate of a will. The will was probated in 1953 [100 U.S.App.D.C. 259] The testatrix's son is incompetent and appellant has been appointed his committee. She filed the caveat soon after she was appointed. This was in 1955, about two years after the will was probated. It does not appear that the son was found incompetent before 1955.
 
 
 2
 The caveat alleged that the son was incompetent when the will was probated. The proposed amendment alleged that his incompetence was then 'known or should have been known by the proponents of' the will. This means no more than that the proponents should have known he was incompetent. It does not assert that they knew it. The proposed amendment also says his incompetence 'was not brought to the attention of the Probate Court'.
 
 
 3
 In our opinion the proposed amendment was immaterial. Section 19-309 of the District of Columbia Code, 63 Stat. 268, provides that after a will has been probated, 'any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at any time within one year after such decree.' This statute of limitations is unqualified. It contains no exception giving an incompetent or his committee a longer time than one year in which to file a caveat. The Code provides in § 19-303, 31 Stat. 1212, that whenever, in proceedings to probate a will, 'it shall appear that any party interested * * * is under age, or non compos, the court shall appoint a guardian ad litem to represent said party at the hearing of the application to admit the will to probate, and with authority to file a caveat, as he may be advised, in behalf of said party.' But this is irrelevant, because the son's incompetency did not 'appear' when the will was probated. We need not consider what the result would be if fraud were alleged, or if it were alleged that the proponents of the will actually knew of irrational behavior on the part of the beneficiary and withheld this knowledge from the probate court. Cf. Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021.
 
 
 4
 The statute involved in Mead v. Phillips, on which appellant relies, was 'not a statute of limitations'. 77 U.S.App.D.C. 365, 374, 135 F.2d 819, 828, 147 A.L.R. 322.
 
 
 5
 Affirmed.
 
 On Petition for Rehearing
 
 6
 Appellant now says the proponents of the will knew the son was incompetent. appellant also says the phrase 'known or should have been known' sufficiently alleged that they knew, because Rule 8(e)(2), F.R.Civ.P., 28 U.S.C.A., provides that 'When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.'
 
 
 7
 It is not clear that appellant had any intention of alleging actual knowledge, alternatively or otherwise. Moreover in this context, to allege knowledge is to imply fraud. Rule 8(e)(2) creates no exception to the principle that a charge of fraud must be clear and specific. The phrase 'known or should have been known' does not meet the requirement of Rule 9(b) that 'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'
 
 
 8
 The claim we upheld in Page v. Comert, 100 U.S.App.D.C. 139, 243 F.2d 245, was headed 'Claim for damages-- fraud, deceit, misrepresentations'. It alleged that the defendants made representations of the value of certain real estate which 'were either deliberate misrepresentations; or with careless disregard as to whether the same were true or false or the said defendants, though holding themselves out as duly qualified and licensed broker and/or salesmen of real estate failed to exercise reasonable diligence, judgment and care in the circumstances.' The claim alleged also that the plaintiff was unskilled in regard to real estate and relied wholly upon the defendants' representations.
 
 
 9
 The petition for rehearing is denied. But because appellant is an incompetent's [100 U.S.App.D.C. 260] committee and, if we understand the petition correctly, is now prepared to charge fraud with particularity, we think the ends of justice will be served by remanding the case to the District Court with leave to permit an amendment of the caveat.
 
 
 10
 So ordered.