### SMITH *v.* RAILROAD COMPANY.

1. The jurisdiction of the Federal courts cannot be affected by State legislation, and they will enforce equitable rights created by such legislation if they have jurisdiction of the subject-matter and the parties.
2. A., an alleged creditor of B., whose claim had not been established at law, filed his bill against the latter, averring him to be insolvent, and against C., a debtor of B., praying that the debt due from C. be applied to the payment of that claim. There being no assignment to A. by B. of his debt against C., and no lien upon the fund in the hands of the latter, — *Held*, that the bill could not be sustained.

APPEAL from the Circuit Court of the United States for the District of Kansas.

The facts are stated in the opinion of the court.

*Mr. Thomas G. Frost* for the appellant.

*Mr. J. E. McKeighan, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

This case was decided by the court below upon demurrer to the amended bill of the appellant. The case made by that bill, so far as it is necessary to state it, may be embodied in a few words.

The appellant and Dunn, under the name of Smith & Co., on the 6th of June, 1871, contracted with a corporation then known as the Fort Scott and Allen County Railroad Company, afterwards the Fort Scott, Humboldt, and Western Railroad

Company, to grade the line of its roadway, extending from Fort Scott, in Kansas, to Humboldt City, in the same State, and to build all the necessary bridges and culverts, and to complete the work by the 1st of July, 1872.

The railroad company, in consideration of the work to be done, agreed to pay and deliver to Smith & Co. certain municipal bonds, amounting, according to their face value, to $275,000; to wit, $125,000 in the bonds of Bourbon County, $25,000 in the bonds of Humboldt City, $75,000 in the bonds of Humboldt Township, $25,000 in the bonds of Salem Township, and $25,000 in the bonds of Elsmore Township. Dunn assigned his interest in the contract to Smith. The latter did all the work before the time specified. On the 6th of June, 1872, the railroad company passed a resolution accepting the work and acknowledging the fulfilment of the contract.

The bonds of Humboldt Township and Humboldt City, amounting together to $100,000, have been delivered to Smith pursuant to the contract. The bonds of Bourbon County and those of Salem Township and of Elsmore Township have not been delivered.

On the 24th of July, 1869, the commissioners of Bourbon County passed a resolution calling for an election on the 24th of August following, under a statute of Kansas, to decide the question whether the county should subscribe $150,000 to the capital stock of any railroad company then or thereafter organized to construct a railroad on the line specified in the contract of Smith & Co. The election was accordingly held at the time appointed. The result was in favor of the subscription. On the 13th of October, 1870, the Fort Scott and Allen County Railroad Company was duly organized. On the 13th of October, 1871, the commissioners of Bourbon County passed a resolution authorizing Joseph L. Emert to subscribe for $150,000 of the stock. The subscription was made accordingly. The county from time to time voted upon the stock. The commissioners resolved to prepare, and in part to execute, the bonds as soon as the necessary lithographing could be finished. They promised Smith promptly to deliver them upon the completion of the work within the contract time

They were present when the contract was entered into, and made the same promise to Smith & Co. But for their repeated assurances to this effect, and the reliance of both Smith and Dunn upon their good faith, the work would not have proceeded, and would not have been done.

The county bonds have not been issued, and new and burdensome terms have been imposed as conditions of that result. The railroad company is hopelessly insolvent. There is no remedy left to the appellant but to procure the bonds still in arrear. The prayer of the bill is that the railroad company be decreed to assign its claim for the bonds of Humboldt County to the complainant; that the county commissioners be decreed to issue them, and that process issue against the Fort Scott, Humboldt, and Western Railroad Company (formerly the Fort Scott and Allen County Railway Company), and against the county commissioners of Bourbon County and against that county.

The only question presented for our determination is whether the demurrer was properly sustained.

Our judgment will be confined to a single point.

There is no privity between the county of Bourbon and the complainant. There has been no assignment, legal or equitable, to him by the railroad company of its claim against the county. If there had been an assignment, the Circuit Court could not have taken jurisdiction of the case, because the assignor, if there had been no assignment, could not have maintained a suit upon the thing assigned in that forum. Rev. Stat. 109; *Sere* v. *Pitot*, 6 Cranch, 332. The relationship of the complainant to the company is that he is its creditor while the county is assumed to be, and perhaps is, its debtor. The complainant has no lien upon the fund he is seeking to reach. His case is, therefore, a common creditor's bill, — nothing more and nothing less. There is no statutory provision in Kansas touching such bills. The distinction there between legal and equitable remedies has been abolished. 2 Dasslor's Statutes of Kansas, p. 643, sect. 3230.

The law of procedure there recognizes but two forms of action : one is designated a civil, the other a criminal action. The former relates to the assertion of civil rights by suit; the

latter, to criminal prosecutions. The Circuit Court of the United States of that district has, nevertheless, full equity jurisdiction. The Federal courts have it to the same extent in all the States, and State legislation cannot affect it. *Boyle v. Zacharie*, 6 Pet. 648. The States, however, may create equitable rights, which those courts will enforce where there is jurisdiction of the parties and of the subject-matter. *Clark v. Smith*, 13 id. 195; *Ex parte McNeil*, 13 Wall. 236. This bill, as regards this point, was well filed in the court to which it was addressed. But nothing is better settled than that such a bill must be preceded by a judgment at law establishing the measure and validity of the demand of the complainant for which he seeks satisfaction in chancery. *Wiggins v. Armstrong*, 2 Johns. (N. Y.) Ch. 144; *Hendricks v. Robinson*, id. 296; *Greenway v. Thomas*, 14 Ill. 271; *Mizzel v. Herbert*, 12 Miss. (Smed. & M.) 550; *Gorton v. Massey*, 12 Minn. 147; *Skele v. Stanwood*, 33 Me. 309; *Sexton v. Wheaton*, 1 Am. Lead. Cas. (5th ed.) 59.

There are exceptions to this rule, but they do not affect its application to the case in hand. It is, therefore, unnecessary to pursue the subject further.

*Decree affirmed.*