# NATIONAL TUBE WORKS COMPANY *v.* BALLOU.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 70. Argued December 2, 1892. — Decided December 19, 1892.

A Massachusetts corporation brought a suit in equity in the Circuit Court of the United States for the Southern District of New York, against a citizen of New York, founded on a judgment obtained by it in a State Court of Connecticut, and an execution issued there, and returned unsatisfied, against a Connecticut corporation, to compel the defendant to pay what he owed on his subscription to shares of stock in the Connecticut corporation, and have it applied towards paying the debts of that corporation, including one due to the plaintiff: *Held*, that the bill was defective in not alleging any judgment in New York against the corporation, or any effort to obtain one, or that it was impossible to obtain one.

THIS was a suit in equity, brought in the Circuit Court of the United States for the Southern District of New York, on November 1, 1888, by the National Tube Works Company, a Massachusetts corporation, against George William Ballou, a citizen of New York.

The bill set forth that the Wiley Construction Company was a corporation organized in February, 1880, under the joint stock laws of Connecticut, and located in Hartford, in

that State. The bill was filed on behalf of the plaintiff and such other creditors of the Wiley Company as might come in and be made parties to the suit and contribute to the expenses thereof. It set forth that the capital stock of the Wiley Company was fixed at $500,000, divided into five thousand shares of $100 each; that all of the stock was subscribed for; that the defendant subscribed and agreed to pay at par for 2499 shares; that he had never paid in anything on account of such subscription; that immediately after the organization of the company, it proceeded to carry on its business, and continued to do so until about July, 1883, the defendant and the other subscribers to the stock taking an active part in the management and acting as stockholders and directors of the company; that between May, 1880, and August, 1882, the plaintiff sold and delivered to it merchandise at the agreed price of $78,955.49; that it had paid $40,789.51 on account thereof; that on March 10, 1883, the Wiley Company, being then indebted to the plaintiff in $49,828.37, gave to the plaintiff its promissory note for that amount, with interest; that no part of the note had been paid; that in October, 1886, in the Superior Court for the county of Hartford, in the State of Connecticut, the plaintiff recovered a judgment, on said note, against the Wiley Company, for $52,041.51, damages and costs, that company having been duly served with process and having appeared in the action; that in June, 1887, the judgment was, on appeal, affirmed by the Supreme Court of Errors of Connecticut, and is still in force; that execution was issued out of said Superior Court against the property of the Wiley Company, to the sheriff of Hartford County, wherein the principal office of said company was situated, and had been returned unsatisfied; that the Wiley Company had no fund or assets wherewith to pay the claim of the plaintiff; and that the whole of the $52,041.51 was still due to it.

The prayer of the bill was that an accounting be had of the amount unpaid on the stock subscription of the defendant in the Wiley Company, and that he be decreed to pay so much of the balance found unpaid on his subscription as would be sufficient to pay such debts of the Wiley Company as might

be proved in this suit, including the said judgment in favor of the plaintiff. The Wiley Company was not made a party to the suit.

There was not in the bill any statement that the plaintiff had recovered any judgment against the Connecticut corporation in any court of the State of New York, or in any court of the United States within the State of New York, or issued an execution within the State of New York, to collect its claim against the Wiley Company; nor does the plaintiff allege in its bill any reason why it has not done so, or why it cannot do so.

The defendant demurred to the bill, and set forth as ground of demurrer that the plaintiff did not by its bill make such a case as entitled it in a court of equity to any discovery or relief touching any of the matters contained in the bill, and also that it appeared by the bill that the plaintiff was not entitled to the discovery or relief prayed for. The case was heard before Judge Wallace in the Circuit Court, and a decree was entered, dismissing the bill, with costs. The plaintiff appealed to this court.

*Mr. W. J. Curtis* for appellant.

I. The unpaid subscriptions to the capital stock of the Wiley Construction Company constitute a trust fund for the benefit of the company's creditors. This is true regardless of any statutory provision in the matter.

The earliest authority upon this point is said to be the case of *Salmon* v. *Hamburgh Company,* decided in 1670, reported in 1 Cas. Ch. 204; *S. C.* 6 Viner's Abridg. 310, 311.

The modern doctrine on this subject is well expressed in the opinion of Mr. Justice Miller in *Sawyer* v. *Hoag,* 17 Wall. 610, 620, where he says: "Though it be a doctrine of modern date, we think it now well established that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund for the benefit of the general creditors of the corporation. And when we consider the rapid development of corporations as instrumentalities of the commercial and business

world in the last few years, with the corresponding necessity of adapting legal principles to the new and varying exigencies of this business, it is no solid objection to such a principle that it is modern, for the occasion for it could not sooner have arisen." See also *Wood* v. *Dummer*, 3 Mason, 308 : *Briggs* v. *Penniman*, 8 Cowen, 387 ; *S. C.* 18 Am. Dec. 454.

II. To be entitled to reach this trust fund, a creditor need only show that he has exhausted his legal remedies against the company itself.

It has always been well understood that a court of equity will not entertain jurisdiction of a case where there is a complete remedy at law. It is for this reason that a creditor of a corporation must show that he has exhausted his remedy at law before he can successfully invoke the aid of a court of equity.

III. The National Tube Works Company has exhausted its remedies at law against the Wiley Construction Company, and is entitled therefore to the assistance of a court of equity in collecting the unpaid stock subscriptions of the latter company to pay its debts.

In pursuit of its remedy at law the National Tube Works Company has done the following things: (1) It has brought and prosecuted to judgment an action on its claim against the Wiley Construction in the Superior Court of Hartford County, Conn. This judgment has been affirmed on appeal by the Supreme Court of that State: (2) Upon the judgment so obtained it caused an execution to be issued to the sheriff of Hartford County, where the Wiley Construction is located and does its business, and where presumably all of its property, if it has any, may be found: (3) This execution has been returned *nulla bona* and the judgment has never been paid: (4) It has discovered equitable assets that cannot be reached by execution, viz., unpaid subscriptions of a stockholder.

This stockholder resides, however, in New York City out of the reach of any ancillary process that may issue from the court wherein the judgment was obtained. The complainant cannot sue the Wiley Construction Company in the courts of New York State, because those courts have no jurisdiction over

controversies between two foreign corporations where the cause of action arose in another State — as in this case, where the cause of action arose in Connecticut. N. Y. Code Civ. Proc. § 1780.

The question is, has the complainant exhausted its remedy at law sufficiently to authorize its application to a court of equity to reach these unpaid subscriptions? Defendant's counsel says no; he insists that the complainant should have obtained judgment in the courts of New York State against the company and issued execution thereon before he could maintain this suit. He contends that a judgment in a Connecticut court is for all purposes only a foreign judgment in any Circuit Court of the United States out of the District of Connecticut, and that an action of this character can be based only on a domestic judgment.

Appellant contends that the true rule in this class of cases is merely that the legal remedies should be exhausted; that the obtaining of a judgment and the issue of an execution and its return unsatisfied, is conclusive proof that the legal remedies have been exhausted, but is not the only proof of that fact, and that where it is shown to be impossible, as in this case, or even where it is useless, as in cases of notorious insolvency, a court of equity will not require a creditor to obtain a judgment before permitting him to follow the equitable assets of his debtor.

We believe that an examination of the authorities will confirm the reasoning and position of the appellant. *Adsit* v. *Butler*, 87 N. Y. 585; *Estes* v. *Wilcox*, 67 N. Y. 264; *Shellington* v. *Howland,* 53 N. Y. 371; *Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Terry* v. *Tubman*, 92 U. S. 156; *McCartney* v. *Bostwick*, 32 N. Y. 53; *National Tradesmen's Bank* v. *Wetmore*, 124 N. Y. 241. These cases furnish a fair illustration of the many various instances where a court of equity has afforded a creditor relief, when the usual condition precedent of judgment obtained and execution returned *nulla bona* has not been complied with, and from an examination of these cases it is not difficult to deduce the correct general rule that should govern a court of equity in deciding whether to entertain a

so-called creditor's bill. It is this: The complainant must do all that he can at law to obtain his rights; if he is then still without remedy, a court of equity will entertain his case. *Case* v. *Beauregard*, 101 U. S. 688.

IV. All the facts requisite to give a court of equity jurisdiction of this case appear in the bill of complaint; and the complaint is otherwise sufficient.

The action was begun upon the authority of *Hatch* v. *Dana*, 101 U. S. 205; and the bill of complaint herein is modelled upon the bill of complaint in that suit, and the sufficiency of it is supported thereby.

*Mr. Thomas Thacher* for appellee.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

In his opinion in the case, Judge Wallace states that he sustains the demurrer on the authority of his decisions in *Claflin* v. *McDermott*, 20 Blatchford, 522, 12 Fed. Rep. 375; and *Walser* v. *Seligman*, 21 Blatchford, 130, 13 Fed. Rep. 415; that he feels free to say that he doubts whether those cases did not adopt too technical a view of the right of a creditor, whose judgment has been obtained against his debtor at the place of the latter's domicil, and whose execution has been issued there and returned unsatisfied, to maintain a creditor's bill in a court of another State; and that he may be permitted to express the hope that the present case may be taken to this court for review.

In *Claflin* v. *McDermott, supra*, it was held, that a creditor's bill, founded on a judgment recovered against a debtor in a state court in California, would not lie in a Circuit Court of the United States in New York, to set aside a fraudulent transfer of personal property made by the debtor in California, by means of collusive judgments and sales under executions issued thereon, no judgment having been obtained or execution issued in such Circuit Court or in any state court of New York. The case of *Tarbell* v. *Griggs*, 3 Paige, 207, was cited as au-

thority, where the Court of Chancery of the State of New York refused jurisdiction of a creditor's bill filed to obtain satisfaction of a judgment rendered in the Circuit Court of the United States for the Southern District of New York, and upon which an execution had been returned unsatisfied, the judgment being treated as a foreign judgment and as standing on the same footing with the judgments of a court of another State. The principle invoked was, that the plaintiff's remedy at law had not been exhausted by the issuing and return of an execution on a foreign judgment; and *McElmoyle* v. *Cohen,* 13 Pet. 312, was referred to as authority.

In *Walser* v. *Seligman, supra,* creditors and stockholders of a corporation organized under the laws of Missouri and Kansas brought a suit in equity, in the Circuit Court of the United States for the Southern District of New York, against certain persons, to enforce the liability of the latter as holders of a number of shares of unpaid capital stock of the corporation, without the corporation being made a party to the suit, and without the plaintiffs being judgment creditors elsewhere than in Missouri; and the court held that, the plaintiffs being merely creditors-at-large, and not having exhausted their remedy at law, in New York, and the Missouri judgments not having in New York the force of domestic judgments, except for the purpose of evidence, the bill would not lie.

The bill in the present case is defective in that respect. It alleges only the recovery of a judgment against the corporation in Connecticut, and the issuing and return there of an execution unsatisfied. It does not allege any judgment in New York or any effort to obtain one, nor does it aver that it is impossible to obtain one. It alleges merely that the corporation has no fund or assets wherewith to pay the claim of the plaintiff.

Where it is sought by equitable process to reach equitable interests of a debtor, the bill, unless otherwise provided by statute, must set forth a judgment in the jurisdiction where the suit in equity is brought, the issuing of an execution thereon, and its return unsatisfied, or must make allegations showing that it is impossible to obtain such a judgment in any

court within such jurisdiction. *Taylor* v. *Bowker*, 111 U. S. 110; *Webster* v. *Clark*, 25 Maine, 313; *Parish* v. *Lewis*, Freeman's Ch. 299; *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 671; *Dunlevy* v. *Tallmadge*, 32 N. Y. 457; *Terry* v. *Anderson*, 95 U. S. 628; *Smith* v. *Railroad Co.*, 99 U. S. 398, 401; *Hawkins* v. *Glenn*, 131 U. S. 319, 334; *McLure* v. *Benini*, 2 Ired. Eq. 513, 519; *Farned* v. *Harris*, 11 Sm. & Marsh. 366, 371, 372; *Patterson* v. *Lynde*, 112 Illinois, 196.

*Decree affirmed.*