# DROOP v. RIDENOUR.

EQUITY PLEADING; WHEN ANSWER OVERRULES DEMURRER; CREDITOR'S BILLS; ABSCONDING DEBTORS.

1. While a defendant in equity may demur as to part of the bill and answer as to the residue, he cannot demur to the whole bill and at the same time answer as to the whole bill, especially where the answer sets up everything that is in the demurrer. The answer will overrule the demurrer.

2. A bill in equity is maintainable by a creditor whose claim is not reduced to judgment, against a debtor who has absconded from the jurisdiction for the purpose of evading his creditors, to subject an equitable interest of the debtor to the payment of the debt, where the debtor has no property in the jurisdiction out of which the debt could be satisfied by proceedings at law.

3. If in such a case, there is a pending suit at law by the creditor against the debtor in which no service of process has been had because of the absence of the debtor from the jurisdiction, and the debtor will enter an appearance in such suit, he will be entitled to a stay of the proceedings in equity to await the result of the action at law.

No. 572. Submitted May 20, 1896. Decided June 1, 1896.

HEARING on an appeal by the complainants from a decree sustaining demurrers to and dismissing a bill in equity. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles A. Keigwin* and *Mr. William B. Matthews* for the appellants:

1. The demurrers should not have been considered because waived by the accompanying answers. 2 Daniell Ch. 792; Story Eq. Pl., Sec. 422 *et seq.; Robertson* v. *Bingley*, 1 McCord, 333; *Leacroft* v. *Dempsey*, 4 Paige, 124; *Crescent Co.* v. *Butchers' Union*, 12 Fed R. 225; *Adams* v. *Howard*, 9 Fed. R. 347; *Hayes* v. *Dayton*, 8 Fed. R. 702; *Ford* v. *Smith*, 1

MacA. 592; *Reed* v. *Ins. Co.*, 36 N. J. Eq. 146; *Hollins* v. *Brierfield Co.*, 150 U. S. 371; *Reynes* v. *Dumont*, 130 U. S. 354; *Brown* v. *Iron Co.*, 134 U. S. 530; *Stewart* v. *Dunham*, 115 U. S. 61.

2. The bill lies because there is no remedy at law. The case made by the bill, and admitted by the demurrers, is that of an absconding embezzler, who has withdrawn himself beyond the reach of process, and has turned his legal into an equitable title for the purpose of withdrawing it from attachment. It is manifest that, under such circumstances, there is no relief at law. The complainants have brought their suit at law and issued process. The return shows that it is impossible to proceed further and their legal remedy is exhausted. This fact makes one of the oldest and most unquestionable grounds for the interposition of equity. While it is doubtless the general rule that a creditor must obtain a judgment before resorting to a court of equity for relief, yet there are several well settled exceptions to the rule. Bispham Equity, Sec. 527 ; *Terry* v. *Anderson*, 95 U. S. 636 ; *Smith* v. *Railroad Co.*, 99 U. S. 401 ; *Jones* v. *Green*, 1 Wall. 330; *Tube Works* v. *Ballou*, 146 U. S. 517. One of the best established exceptions to the rule is the case where it is impossible to proceed at law, or impossible to proceed beyond a certain point. *Case* v. *Beauregard*, 101 U. S. 690. Accordingly it is well settled that the return of an execution may be dispensed with in many instances. Pomeroy, Eq. Jurisp., Sec. 1415 and cases cited. Even the issue of execution is not necessary when the defendant is shown to be insolvent. *Mehler* v. *Cornwell*, 3 App. D. C. 92 ; *Sage* v. *Railroad Co.*, 125 U. S. 361, 376. And it is generally agreed that a judgment itself is not required where the debtor is deceased, and it is sought to reach his equitable property. Bump, Fraud. Convey., Sec. 516; *Offut* v. *King*, 1 MacA. 312 ; *Dunn* v. *Murt*, 4 Mackey, 289 ; *O'Brien* v. *Coulter*, 2 Blackf. 421.

Where the debtor has absconded the same principle ap-

plies. The obtaining of a judgment is excused for the same reason, the impossibility of the thing. In two States, Virginia and Kentucky, mere nonresidence of the debtor is sufficient to excuse proceeding at law. *Scott* v. *McMillen,* 1 Littell, 302; *Peavy* v. *Graham,* 10 Grattan, 149. In other States, the fact that the debtor has absconded is ground for appeal to equity in the first instance. And the text-writers lay this down as generally accepted doctrine. Wait, Fraud. Convey., Sec. 84; Freeman, Executions, Sec. 427. See also *Kipper* v. *Glancey,* 2 Blackf. 356; *Quare* v. *Abbott,* 102 Ind. 232; *Bank* v. *Wetmore,* 124 N. Y. 241; *Brittain* v. *Quiet,* 1 Jones Eq. 328; *Farrar* v. *Haselden,* 9 Rich. Eq. 331; *Pendleton* v. *Perkins,* 49 Mo. 565; *Bank* v. *Paine,* 13 R. I. 592. In this District, in *Ford* v. *Smith,* 1 MacA. 597, nonresidence of the defendant is recognized as a ground of equity jurisdiction. Among the English cases may be cited *Taylor* v. *Jones,* 2 Atk. 600; *Reese River Co.* v. *Atwall,* L. R. 7 Eq. 347.

That the impossibility of obtaining judgment is ground for resort for a court of equity is clearly implied by the language of the Supreme Court in a recent case. *Natl. Tube Works* v. *Ballou,* 146 U. S. 517.

In a still later case, the same court, in dismissing a bill which sought to reach equitable assets of a debtor corporation without first obtaining a judgment, placed its decision on the ground that it was not impossible to obtain a judgment against the corporation. *Swan Co.* v. *Frank,* 148 U. S. 603.

3. A second ground upon which the aid of equity is invoked is the fact that the legal remedy of the appellants is fraudulently obstructed.

One of the oldest functions of courts of equity is that of aiding courts of law in making their processes effective and removing obstructions to the fair decision of causes at law. *Payne* v. *Sheldon,* 63 Barb. 172. In one case where the requirement of a judgment was most emphatically enforced,

the Supreme Court recognized this ancillary function of equity courts. *Jones* v. *Green,* 1 Wall. 330. The whole doctrine of creditors' bills rests upon this principle, that equity will supplement and assist legal processes. Pomeroy, Eq. Jur., Sec. 1415; *Hadden* v. *Spader,* 20 Johns. 554. So a bill lies in equity in aid of an execution to remove obstructions and to set aside fraudulent conveyances; and this even in cases where the creditor might proceed at law. Freeman, Executions, Sec. 426; *Pope* v. *Solomons,* 36 Ga. 545; *Thurmond* v. *Reese,* 3 Ga. 542; *Bank* v. *Walker,* 7 Ala. 946; *Sheppard* v. *Iverson,* 12 Ala. 99; *Mann* v. *Appel,* 31 Fed. Rep. 378; *Rhead* v. *Hounson,* 46 Mich. 243; *McCaffrey* v. *Hickey,* 66 Barbour, 489.

4. A third ground for the interposition of equity is the fact that the bill seeks satisfaction from a fund which is under the control of an equity court. *Russell* v. *Clark,* 7 Cr. 89; *Case* v. *Beauregard,* 101 U. S. 691; *Burroughs* v. *Elton,* 11 Vesey, 29. In this case Albert Ridenour's title is only an equity. More than that, the property is involved in a partition suit, and therefore directly within the grasp and under the control of a court of equity. On the conclusion of that suit the proceeds must be distributed under the immediate direction of the court. In any case, whether with or without judgment, the appellants must eventually apply to that court for satisfaction of their claim. The authorities cited establish their right to resort to equity in the first instance.

Even were the precedents cited less directly in point, the accepted and acknowledged principles upon which courts of equity have acted from the earliest times would justify the assumption of jurisdiction in this case, though one of first impression. The mere fact that the case would otherwise be without remedy is ground for the assumption of jurisdiction, though the circumstances are novel. *Bishop of Winchester* v. *Knight,* 1 P. Wms. 406; *Bond* v. *Hopkins,* 1 Sch. & Lef. 420.

*Mr. Clarence A. Brandenburg* for the appellees:

1. There is in principle absolutely no difference between this case and the case of *Hess* v. *Horton,* decided by this court and reported in 2 App. D. C. 81. It is settled law in this District that a simple contract creditor, who has not reduced his claim to judgment, has no standing in a court of equity upon a bill to set aside and vacate an alleged fraudulent conveyance. *Scott* v. *Neely,* 140 U. S. 106; Wait on Fraudulent Conveyances, Sec. 73; *Cates* v. *Allen,* 149 U. S. 451; *Adler* v. *Penton,* 24 How. 407; *Day* v. *Washburn,* 24 How. 342. The existence of judgment, or of judgment and execution, is necessary, first, as adjudicating and definitely establishing the leading demand, and, second, as exhausting the legal remedy. *Cates* v. *Allen, supra; Smith* v. *Fort Scott R.R.,* 99 U. S. 398; *Jones* v. *Green,* 1 Wall. 330; *Taylor* v. *Bowker,* 111 U. S. 110.

It may be that a prior judgment is unnecessary where a claim is to be satisfied out of a fund which is accessible only by the aid of a court of chancery, as in *Russell* v. *Clark,* 7 Cranch, 69; or where a claim is to be satisfied out of the estate of a deceased debtor; or as in *Case* v. *Beauregard,* 101 U. S. 690, where the bank had a lien upon the property; or as in *Works* v. *Ballou,* 146 U. S. 517, where general creditors sought to reach a trust fund—the capital stock of a corporation; but equity in none of these cases exercises an auxiliary jurisdiction to aid legal process; in all of them it acts under the original jurisdiction. This is the well-defined and established difference; the complainant in the case at bar does not bring himself within any rule which enables him to maintain his bill.

The difficulty which confronts the complainant can only be overcome by legislative enactment permitting attachments of equitable interests in legal proceedings. Congress cannot, however, by legislative enactment in any manner give a court of equity jurisdiction in the first instance of a

common law suit.   *United States* v. *130 Barrels of Whiskey,*
1 Bond C. C. 588.

Complainants seem to overlook this important distinction,
that the lien the court refers to must exist before the insti-
tution of suit and is not acquired by the equity proceeding
itself.   In other words, the complainants cannot acquire a
lien by the filing of the equity suit, and then proceed in
the same suit to enforce such lien.   The lien must exist be-
fore the institution of suit.   *Scott* v. *Neely,* 140 U. S. 106.

2. Modern equity practice, seems to permit all defences
to be made by answer.   Independent of that fact, how-
ever, as to Mrs. Ridenour, who is the real party in in-
terest, holding this property under conveyance from her
husband in satisfaction of a decree for alimony, with leave
of court had and obtained, her answer was stricken out and
a hearing was had upon the demurrer simply, unaccom-
panied by answer.   Moreover, the question involved was
one of jurisdiction.   It was the duty of the court below, in-
dependent of the manner in which the pleadings presented
the question, of its own motion, to dismiss the suit, if, upon
the hearing, it appeared the court was without jurisdiction.
Consent could not give the court jurisdiction.   Moreover,
the question of jurisdiction was distinctly raised.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

This suit was brought by the appellants, Edward F. Droop
& Sons, a mercantile firm, in their character of simple con-
tract creditors of Albert M. Ridenour, against said debtor,
and Alice E. Ridenour, and Frank T. Browning, trustee, to
procure a decree for the payment of the alleged debt due
the complainants out of an equitable interest of the debtor
in certain real estate situated in this District, but which has
been, as alleged, fraudulently conveyed by the debtor to
Alice E. Ridenour for the purpose of cheating and defraud-
ing the complainants.

The bill alleges the indebtedness of the defendant, Albert

M. Ridenour, to the complainants for money received and misappropriated by him while employed in a fiduciary relation to the complainants; and that said Ridenour has absconded from this District for the purpose of evading his creditors, and especially to avoid prosecution for the fraudulent misappropriation of the complainants' money. That complainants have instituted an action at law against said Ridenour, in the Supreme Court of this District, for the purpose of recovering judgment for the claim, but the marshal has not been able to find said Ridenour, and has returned the process unserved. That said Ridenour has been and is keeping himself concealed, and the complainants are unable to ascertain his whereabouts, so as to be able to prosecute their claim to judgment at law. That the complainants are entirely without remedy at law; that said Ridenour has no property or effects in this jurisdiction that can be reached by attachment or other legal process; and that the only property that he has left in this District is an undivided share or interest in certain real estate inherited from his mother, and which share or interest is subject to a mortgage or deed of trust made by him to Frank T. Browning, to secure a debt of $2,000.

The bill further charges that the equity of redemption in such share or interest remaining in said Ridenour, he has conveyed or attempted to convey to Alice E. Ridenour, a person said to be a former wife of the debtor; but which said conveyance was without consideration, and was collusively and fraudulently made to hinder, delay, and defraud the creditors of the grantor or assignor.

The prayer of the bill is, that the conveyance to Alice E. Ridenour be declared null and void, and that the property, or the proceeds of the sale thereof, be made subject to the claim of the complainants; and for general relief.

The defendants, Albert M. Ridenour and Alice E. Ridenour, appeared to this suit by their attorneys, but without disclosing the residence of the debtor; and they each filed separate answers and demurrers to the bill. The answers

denied all the material allegations of the bill, while the demurrers, being to the whole bill, admitted the truth of all the facts alleged therein. There was, therefore, manifest inconsistency of pleading. The general principle is, that an answer and demurrer to the same statement of facts will not consist, and therefore the answer will always overrule the demurrer. In some cases, as said by Judge Story (Eq. Pl., Sec. 463), "an answer to any part of the bill may overrule the demurrer; for, if the ground of demurrer applies to the whole bill (as in this case), the answering to any part is inconsistent with that. And, therefore, when the ground of demurrer was the general impropriety of the bill, and that the defendant ought not, therefore, to be compelled to answer it, his answer to an immaterial part, in compliance with the order for time, which he had obtained, was held to overrule his demurrer." Mitf. Eq. Pl. 210, 211, and cases there cited. Whether Equity Rules 27 and 29 of the court below, which are in all respects the same as Equity Rules of Practice 32 and 34, prescribed by the Supreme Court of the United States, make any change in this respect, is a question that we need not decide. It would seem, however, to be clear, that a defendant, while he may demur as to part of the bill and answer as to the residue, yet is not allowed to demur to the whole bill, and at the same time answer to the whole bill, especially where the answer sets up everything that is in the demurrer, as was attempted to be done in this case. *Adams* v. *Howard,* 9 Fed. Rep. 347. It is true, an answer may reserve to the defendant the benefit of an objection as if taken by a demurrer, for the insufficiency of the case stated in the bill; but such advantage can only be urged at the final hearing on submission upon bill and answer, or after proof taken, and not be availed of as a preliminary question, to the delay of the case, as upon a formal demurrer.

In this case, while the pleading was in a state of manifest irregularity and informality, such as could not be made to

conform to the equity rules by any principle of liberal and fair construction, the defendant, Alice E. Ridenour, made application to have her answer stricken out, and this application was granted; and the case was considered by the court below upon the demurrers interposed by the defendants, Albert M. Ridenour and Alice E. Ridenour, and the demurrers were sustained, and the bill was dismissed as to both defendants, with costs.

Without pausing to consider whether the demurrer of Albert M. Ridenour, informally pleaded, should have been considered in connection with the demurrer of Alice E. Ridenour, and the bill dismissed as to both defendants, we shall consider the case as it was considered by the court below, as upon regular demurrer to the bill by both defendants.

The ground of the order dismissing the bill is understood to be, that the complainants had not sued for and recovered judgment at law, and issued execution thereon, and thus shown that they had exhausted all remedies at law. Under the facts of the case as admitted by the demurrer, is such proceeding at law a necessary condition precedent to the relief asked in such a case as the present? We think not; and we think it would be lamentable, if such were the restrictions in the administration of justice in this District. If a party, by placing his property in trust, and removing from the limits of this District, could thus defy the efforts of his creditors to subject such property to the payment of his debts, such defect of remedial justice would be a reproach to the law.

It is certainly true, as a general principle, that a court of equity will not afford relief where the plaintiff has a *plain, adequate and complete remedy at law.* The party coming into a court of equity for relief, must, therefore, show that he has exhausted his remedy at law, or that the law affords no remedy to meet the requirements of his case. And where the plaintiff seeks to subject the property of the debtor to

the payment of his claim, and which property has been conveyed by fraudulent conveyance, or is otherwise not accessible to ordinary legal execution, it is, as a general well settled principle, incumbent upon the creditor to allege and show that judgment has been recovered for the debt, and that execution has been issued thereon and returned *nulla bona.*

This doctrine is clearly stated in the cases of *Scott* v. *Neely*, 140 U. S. 106; *Cates* v. *Allen*, 149 U. S. 451; and *Hollins* v. *Brierfield Coal and Iron Co.*, 150 U. S. 371, 379. But the application of this general rule must be taken as dependent upon and conditioned by the facts of each particular case; and it is not so strict and unyielding as to be wholly without qualification or exceptions, to meet the exigency of particular cases. There are many cases where the demands of justice, and the inadequacy of the ordinary process of law, make it necessary that equity should interpose, rather than that the creditor should be wholly without remedy or means of redress. All that is required of the complainant is that he has done all that he could do to make effective the remedy at law, or, in other words, that he has exhausted his legal remedies, or show that the remedy at law is wholly inadequate, or that the ordinary legal remedies do not apply to the case, and hence he is without a plain, adequate and complete remedy at law. As said by the Supreme Court, in an unanimous opinion of that tribunal delivered by Mr. Justice Strong: " After all, the judgment and fruitless execution are only evidence that his legal remedies have been exhausted, or that he is without remedy at law. They are not the only possible means of proof. The necessity of resort to a court of equity may be made otherwise to appear. Accordingly the rule, though general, is not without many exceptions. Neither law nor equity requires meaningless form : ' *bona sed impossibilia non cogit lex.*' It has been decided that where it appears by the bill that the debtor is insolvent, and that the

issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite to equitable interference;" the learned justice citing many authorities in support of the proposition stated by him. And further on, in the same unanimous opinion, it is said: "The foundation upon which these and many other similar cases rest is that judgment and fruitless executions are not necessary to show that the creditor has no adequate legal remedy. When the debtor's estate is a mere equitable one, which cannot be reached by any proceeding at law, there is no reason for requiring attempts to reach it by legal processes." *Case* v. *Beauregard*, 101 U. S. 688, 690, 691.

Exceptions to the general rule, requiring judgment and execution thereon to entitle a complainant to proceed in equity, are clearly recognized by the Supreme Court of the United States in many other cases in that court, and particularly in the cases of *Terry* v. *Anderson*, 95 U. S. 636, and *National Tube Works* v. *Ballou*, 146 U. S. 517, 523. In this last mentioned case, it is said by the court that when it is sought by equitable process to reach the equitable interest of the debtor, the bill must set forth a judgment *in the jurisdiction where the suit in equity is brought,* the issuing of an execution thereon, and its return unsatisfied, " *or must make allegations showing that it is impossible to obtain such judgment in any court within such jurisdiction;* " citing many decided cases in support of such exception to the general rule. The whole subject is very fully and clearly treated, and the authorities collected by Mr. Freeman, in his work on Executions, Secs. 425, 426, 427.

The facts alleged in the bill and admitted by the demurrers in this case, clearly bring the case within the recognized exceptions to the general rule.

Wait, in his work on Fraudulent Conveyances, Sec. 84, has clearly stated the result of the decided cases in this country upon this subject. After stating the general doctrine to which we have referred, requiring judgment and execution

thereon, the author proceeds to say: "Where, however, the debtor has absconded so that no personal judgment can be obtained against him, and there is no statutory proceeding by which his property can be reached, it has been held that a creditor's bill will lie in the first instance, and from the necessity of the case. It is considered as analogous to a proceeding to reach and subject the equities of a deceased debtor to the claims of creditors, or to satisfy a debt from a specific equitable fund, in neither of which cases is a personal judgment required." The same principle is stated by Freeman, in Section 427, of his work on Executions, before referred to.

In a very able and well reasoned opinion of Mr. Justice Blackford, speaking for the Supreme Court of Indiana, in the case of *Kipper* v. *Glancey*, 2 Blackf. 356, that learned justice stated the doctrine and the reasons for it in the following terms:

"The objection to the bill is that the complainants are not judgment creditors. It is the general doctrine, certainly, that to reach the equitable interest of the debtor in real estate by a suit in chancery, the creditor should first obtain judgment at law; and to obtain assistance in equity as to personal property both judgment and execution must be shown. One exception to this rule is where the debtor is deceased. . . . Another exception to the rule is where the debtor has absented himself from the State. This is so decided in the case of *Scott* v. *McMillen*, 1 Littell, 302. . . .

"Where the debtor has absconded, the practice should be the same as in the cases to which we have referred. By absconding from the State, the debtor prevents the proceeding against him at law, and his creditors should be permitted to apply to a court of chancery, as where judgments have been previously obtained, or the debtor is deceased.

"If the absconding debtor leaves property subject to legal process, the creditors may have their demands liquidated, and may procure their respective shares of the proceeds of

the property by means of an attachment. So, in our opinion, where the property left and to be made liable is equitable only, the creditors may unite in a bill in chancery to liquidate their claims, and to effect their common object of establishing the liability of the property."

The same principle is fully enunciated in the cases of *Scott* v. *McMillen,* 1 Litt. (Ky.) 302; *Peay* v. *Graham,* 10 Gratt. 149; *Brittain* v. *Quiett,* 1 Jones Eq. (N. C.) 328; *Farrar* v. *Haselden,* 9 Rich Eq. (S. C.) 331; *Pendleton* v. *Perkins,* 49 Mo. 565; *Bank* v. *Paine,* 13 R. I. 592. And in New York, in the case of *Bank* v. *Wetmore,* 124 N. Y. 241, the question was fully discussed, and the court, in the conclusion of its opinion upon the subject, says: "But where a party has done all that is possible for him to do to prepare the way for his case to equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief, merely because he had proceeded no further than he was, without any fault or laches on his part, permitted to go. That would be repugnant to the maxim that 'there is no wrong without a remedy.'"

The English chancery rule does not seem to be different from that maintained by the American authorities to which we have referred. *Reese River,* &c., *Co.* v. *Atwell,* L. R. 7 Eq. 347.

The bill in this case distinctly avers that the estate of the debtor, Albert M. Ridenour, in the property sought to be made subject to the complainants' claim, is merely equitable—that it is only an equity of redemption in a certain share or portion of the real estate inherited from his mother, and which is covered by a deed of trust to Browning, as security for a debt due from Albert M. Ridenour. The legal estate, therefore, in this share or portion of real estate, is in Browning, as trustee, and the only right that Ridenour, the grantor, has in the property is the right to redeem, or the right to whatever surplus proceeds of sale that may remain after payment of the mortgage debt. This mere equity of

redemption could not be seized and sold under execution at law upon a judgment against Ridenour, the debtor; for it has been repeatedly held, that a mere equitable estate or interest of a debtor in real estate in this District, cannot be seized and sold under an execution at law.  *Van Ness* v. *Hyatt,* 13 Pet. 294; *Bank of Metropolis* v. *Guttschlick,* 14 Pet. 19; *Smith* v. *McCann,* 24 How. 398; *Morsell* v. *First National Bank,* 91 U. S. 357, 360; *Freedman's Saving and Trust Co.* v. *Earle,* 110 U. S. 710, 714.  And it is equally well settled that, in this District, an equitable interest in land, 'or, indeed, any mere equitable interest of the debtor, for which he could not maintain an action at law, is not subject to an attachment issued from a court of law against the debtor; because the attachment could only invest the plaintiff therein with the same right of action that belonged to the debtor in the attachment.  *Sawyer* v. *Morte,* 3 Cranch C. C. Rep. 331; *McLaughlin* v. *Swann,* 18 How. 217, 220, 221.  It is also true, that by the mere filing of a bill by a simple contract creditor, no lien or priority is acquired as against other creditors of the debtor.  *Day* v. *Washburn,* 24 How. 352.

If, therefore, a judgment at law could be obtained, it could not be executed by legal process against the equitable interest of the defendant in the property sought to be reached by this proceeding; and the ultimate resort, after all, would be to a court of equity.  The only objection that the defendant, Albert M. Ridenour, can urge is, that the claim has not been reduced to judgment upon trial by jury, or that he has not had the benefit of trial by jury in the establishment of the claim.  But a right to trial by jury is not so absolute as that it may be rightfully insisted upon under all conditions and circumstances.  *Barton* v. *Barbour,* 104 U. S. 126.

It is by the conduct of the defendant himself that he may elect to forego the right to trial by jury; for he may enjoy the right of such trial, if he thinks proper to appear to the pending action at law, and submit to the trial of that case.

Upon entering his appearance to that action he will be entitled to a stay of this proceeding to await the result of the action at law, and if that action be determined against the plaintiffs therein it will end the present proceeding. But if no such appearance be entered by the defendant, the complainants will be entitled to proceed in this suit; and if successful in establishing their claim, either at law, or by a court of equity, and avoiding and setting aside the deed to Alice E. Ridenour for fraud, the court below will be able to direct and control the surplus money in the hands of the trustee, Frank T. Browning, who is a party defendant to this cause.

We shall reverse the order sustaining the demurrers and dismissing the bill, and shall remand the cause for further proceedings, with cost to the appellants.

*Order reversed, and cause remanded.*