**BLUNDON et al., v. GUY et al.**

**No. 5172.**

Court of Appeals of the District of Columbia.

Argued Oct. 8, 1931.

Decided Nov. 9, 1931.

W. C. Sullivan, of Washington, D. C., for appellants.

Arthur J. Hilland and Frederic B. Warder, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellants, who are real estate agents in the city of Washington, have since December, 1919, acted in that capacity for the owners of a certain building located in Washington city, the second and third floors of which were occupied by one Eva L. West as tenant. In September, 1927, one of the owners of an undivided interest in the property brought a partition suit in the Supreme Court of the District to have the property sold and the proceeds distributed. Trustees, who are appellees here, were appointed in that cause and directed to make sale of the property, and, about the middle of the year 1929, reported to the court they had made sale, and an order was passed directing them to receive the purchase price and to execute and deliver a deed to the purchaser.

During the pendency of the equity proceeding, Eva L. West, the tenant of the building, claiming to have sustained personal injury as a result of the falling on her of a part of the ceiling, commenced an action against appellants (presumably as agents of an undisclosed principal) in which she sought to recover damages for her injury while a tenant in the premises. Thereupon appellants filed a motion in the equity suit asking leave to intervene for the purpose of having the proceeds of the sale impounded in the registry of the court pending the final disposition of the law case, but this intervention the court below refused. Thereupon appellants brought an independent bill in equity against the trustees, in which they allege: "The owners of the said lands and premises are all nonresidents of the District of Columbia, and are all financially irresponsible," and further allege that, if the proceeds of the sale are distributed, they would be without remedy as to reimbursement of the amount of any judgment which they might be called upon to pay, and ask for an injunction against the distribution of the fund.

The court refused an injunction and dismissed the bill, and this action of the court is here on appeal.

The rule, we think, is elementary that a general creditor must obtain a judgment before he can have relief against his debtor in equity, and in Tate v. Liggat, 2 Leigh (Va.) 91, it was said that the rule is founded upon the principle of the common law that it is essential to the enjoyment and circulation of property, that every debtor, until his property is specifically bound to the satisfaction of his debt by his own agreement or by some judicial proceeding, has an absolute right to dispose of it at pleasure, to prefer one creditor to another, or even to waste or destroy it; a power which no tribunal has authority to control or limit; and in Shufeldt v. Boehm, 96 Ill. 560, it was said that the rule was founded upon the wisest policy, for, if the property of an honest, struggling debtor could be tied up by injunction upon mere unadjusted legal demands, he would be constantly exposed to the greatest hardships and grossest frauds for which the law would afford no adequate remedy, and that, by taking his property out of his hands before the claim is due or before its justice has been established by judgment, in many cases would be to deprive him of the means of payment and even of the means of defending himself against a vexatious and oppressive suit. But the rule, we think, is subject to the exception that, where the debtor is a nonresident of the state, so that a personal judgment cannot be obtained against him, a creditor may not be required to do the impossible. Kipper v. Glancey, 2 Blackf. (Ind.) 356; Scott v. McMillen, 1 Litt. (Ky.) 302, 311, 13 Am. Dec. 239; National Tradesmen's Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548. The reason of the exception is, of course, that in such case the creditor cannot secure judgment for the amount of his indebtedness, and, by the sale or disposition of his property, the debtor would be removing the only other remedy, so that in such case, that is to say, where it is impossible for the creditor to obtain through the aid of a court of law the ascertainment of his rights and their satisfaction, such action is not a condition precedent to the application for equitable relief. And this was the rule laid down by Chief Justice Marshall in the case of Russell v. Clark, 7 Cranch, 69, 89, 3 L. Ed. 271, where he said: "It is also true, that if a claim is to be satisfied out of a fund, which is accessible only by the aid of a Court of Chancery, application may be made, in the first instance, to that court, which will not require that the claim should be first established in a court of law."

Coming now to consider whether the bill filed in this case entitles appellant to relief under this exception to the rule, we find the bill to allege only that: "Plaintiffs are advised and believe, and accordingly aver, that by reason of the premises in the event that the said Eva L. West shall recover any judgment against them in said law cause they are entitled to reimbursement from the owners of the hereinbefore described lands and premises for all sums they may be compelled to lay out in connection with said law cause, including the payment of any such judgment, and whether she shall recover a judgment against them or not they are entitled to such reimbursement of their costs, expenses, counsel and attorneys' fees in defending the said suit." It is therefore obvious that, when the bill was filed, appellants had paid out nothing, nor were they then obligated to pay out anything, and therefore had at such time neither a debt nor claim against the owners of the fund. At most there was shown only the anticipation of loss—a thing which might never eventuate. Apparently they apprehended that there might be a judgment recovered in the law action for which they would be liable and which they might have to pay, and likewise that they might be required, in defending the action, to lay out

sums of money in the employment of counsel, but this, we think, is not enough, for here, at best, we have a case in which there is neither a judgment at law, nor a definite and ascertained claim, and, in such circumstances, as we had occasion to say in Friedling v. Freedman, 44 App. D. C. 191, 193, a court of equity is without jurisdiction to enjoin— in that case a conveyance—in this the distribution of the fund to await the future possibility of a judgment in favor of a creditor whose status, as such, depends upon the outcome of a pending suit.

The decree appealed from was therefore correct, and should be affirmed.

Affirmed.