## CAPITOL DRESS MFG. CO. et al. v. MORAN.

### No. 6538.

United States Court of Appeals for the District of Columbia.

Decided May 11, 1936.

Alfred M. Schwartz and Maxwell A. Ostrow, both of Washington, D. C., for appellants.

J. Bruce Kremer, George B. Springston, and Herbert M. Bingham, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia sustaining the motion filed by the plaintiff below to strike the defendant's answer, and for a decree pro confesso.

The case was brought in the lower court by John F. Moran, as receiver of the Park Savings Bank. The defendants were the Capitol Dress Manufacturing Company, a corporation, hereinafter called the dress company for brevity; the Capital Garment Manufacturing Company, hereinafter called the garment company;

Nathan Plotnick; and Benjamin Rich, the defendant Plotnick being president of both corporations, and the defendant Rich secretary of the first-named company.

It was alleged in the bill of complaint filed in the lower court that the plaintiff was in possession, as receiver of the bank, among its assets, of a certain promissory note signed by the dress company as maker, in the sum of $500, payable to the order of Rose T. Weitz, and indorsed by her, with demand and notice waived, to the Park Savings Bank for value and before maturity; that the note is due and payable and unpaid; and that on a date prior to the filing of the bill, the defendant corporations for the purpose of hindering, delaying, and defrauding the creditors of the dress company, especially the plaintiff as a creditor, without consideration, and without complying with the Bulk Sales Law of the District of Columbia (D.C.Code 1929, T. 11, §§ 14–18), and in direct and express violation of such law, transferred the equipment, machinery, supplies, merchandise, and good will theretofore and at that time solely owned by the dress company to the garment company, and by reason of such alleged transfer the defendants did fraudulently conspire to make and do away with the business and merchandise which was then owned by the dress company; that the dress company is insolvent and its stockholders are individually liable under section 271, tit. 5, Corporations, of the 1929 Code of Laws for the District of Columbia to the creditors of the company for the unpaid amount due upon the shares of stock held by them respectively for the debts and contracts of the company until the amount of capital stock fixed by such company shall have been paid in.

The relief sought by the plaintiff in the bill of complaint was for the appointment of a receiver; for discovery of assets; for an accounting of funds and moneys derived from the business of the dress company and the garment company; for the collection of the debts due to the defendant companies from their stockholders and others; and for an injunction forbidding the defendants from selling, disposing of, or otherwise transferring the ownership and title in and to the property and business of the companies, except by and under the orders of the court.

The defendants in their answer admitted the execution of the note set out in the bill of complaint and its indorsement before maturity by the payee, Rose T. Weitz, to the Park Savings Bank, but denied that they are indebted to the plaintiff on the note for any sum whatever; and aver that at the time of the closing of the Park Savings Bank and the appointment of a receiver thereof, the indorser, Rose T. Weitz, was a depositor of the bank and a creditor thereof to an amount in excess of the amount of the note, and that since the appointment of the plaintiff as receiver of the bank there have been declared two dividends, one on the 4th day of December, 1933, of 5 per cent., and another on the 17th day of December, 1934, of 20 per cent., and that at no time has the receiver paid any dividends to the indorser, Rose T. Weitz, but refused her repeated demands for payment of such dividends, basing the refusal upon the ground that he, as receiver, was entitled to an offset on this note against the indebtedness due her by the bank, and that he truly and in fact elected to offset its said indebtedness to Rose T. Weitz against the note now in suit, and by reason thereof such note has been paid by the indorser.

The answer also denied all allegations of fraud contained in the bill, and denied that the business or equipment of the dress company was sold to the garment company and alleged that on the sale of the equipment, which consisted solely of some machinery, no notice was given or required.

The defendants further allege that the plaintiff as receiver never obtained any judgment at law upon the note described in the bill of complaint, and deny his right to proceed in equity in this case.

The plaintiff thereupon filed a motion to strike the answer and for a decree pro confesso. Upon consideration thereof, the court entered the decree, from which the present appeal was taken. The court adjudged, ordered, and decreed that the plaintiff recover against the Capitol Dress Manufacturing Company $490 with interest "being money payable by it to the plaintiff by reason of the premises," and that plaintiff have execution thereof upon either or both the Capitol Dress Manufacturing Company and the Capital Garment Manufacturing Company; that the defendants, the Capitol Dress Manufacturing Company and the Capital Garment Manufacturing Company, Nathan Plotnick, and Benjamin Rich, and the agents, officers, servants, employees, and attorneys thereof be and the same are hereby enjoined from

transferring, selling, or otherwise disposing of any of the assets of the defendant Capitol Dress Manufacturing Company or Capital Garment Manufacturing Company, except upon order of this court, and that jurisdiction is retained by the court to enter such additional decrees as may be deemed necessary in the premises.

We think that this action of the lower court was erroneous.

■ The case for the plaintiff was brought in equity to obtain payment of a promissory note alleged to be held by the plaintiff. The motion to strike the answer was made upon the ground that no facts were pleaded in it contradicting the substantial averments of the bill. However, a reading of the answer discloses, as above set out, that the defendants pleaded that the note had been paid in full and consequently that no recovery could be had upon it. The motion to strike admits the truth of this denial. The plaintiff thereby, in effect, concedes that he has no cause of action against the defendants. It is contended by the plaintiff, now the appellee, that the obligation of the indorser, Rose T. Weitz, was secondary only, and that the plaintiff was entitled to look to the makers of the note as principal debtors thereon for payment. It cannot be denied that this course was open to the plaintiff, but according to the allegations of the answer plaintiff did not elect to pursue such course, but secured payment of the note by an offset of a sum due by him as receiver to the indorser, Miss Weitz. It does not matter which one of the debtors paid the note, for if in fact it was paid, the plaintiff cannot secure a second payment in this case. It may be observed also that if Rose T. Weitz paid the note in the manner alleged by the defendants she has a remedy against the principal makers of the note to recover the amount paid by her.

■ Again, it should be noted that the plaintiff was not entitled to bring the present suit in equity to enforce payment of the promissory note for the reason that no judgment had been recovered thereon at law. Consequently, his suit in equity to enforce payment was premature. This rule of law is well established.

In Hess v. Horton, 2 App.D.C. 81, we said:

"Another question raised by the demurrer and much discussed is this: Can the complainant maintain his bill to set aside the fraudulent conveyance, without first having reduced his debt to judgment?

"The doctrine of the Supreme Court upon this point is stated in Scott v. Neely, 140 U.S. 106 [11 S.Ct. 712, 35 L.Ed. 358], by Mr. Justice Field, as follows· 'In all cases where a court of equity interferes to aid the enforcement of a remedy at law, there must be an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment; or, to speak with greater accuracy, there must be in addition to such acknowledged debt an interest in the property, or a lien thereon created by contract, or by some distinct legal proceedings.' See, also, Smith v. Ft. Scott, H. & W. R. R. Co., 99 U.S. 398 [25 L.Ed. 437]; Nat. Tube Works v. Ballou, 146 U.S. 517 [13 S.Ct. 165, 36 L.Ed. 1070].

"In this last case, it was said: 'When it is sought by equitable process to reach the equitable interests of the debtor, the bill, unless otherwise provided by statute, must set forth a judgment in the jurisdiction where the suit in equity is brought, the issuing of an execution thereon, and its return unsatisfied, or must make allegations showing that it is impossible to obtain such a judgment in any court within such jurisdiction.' "

In the case of Friedling v. Freedman, 44 App.D.C. 191, we held:

"The rule is elementary that a creditor cannot assail as fraudulent an assignment or transfer of property by a debtor until the debt has been established by a judgment in a court of competent jurisdiction."

See, also, Blundon v. Guy, 60 App.D.C. 318, 53 F.(2d) 930.

In the present case it appears that each of the defendants, as well as Rose T. Weitz, the indorser, is a resident of the District of Columbia and subject to the jurisdiction of the courts of law in the District. It also appears that Rose T. Weitz is pecuniarily solvent and responsible. No charge is made by the plaintiff that any of the parties has threatened to remove, or is removing, any of the assets in question from the District of Columbia.

■ It is contended by plaintiff that the present objection has been effectually waived because not raised at an earlier stage in the proceedings. This conten-

tion cannot be sustained. This point was raised in the answer which was filed in due course by the defendants. Consistently with these conclusions we reverse the decree of the lower court and the cause is remanded for further proceedings not inconsistent herewith.

Reversed with costs.

STEPHENS, Associate Justice.

I concur in the result. I think that so far as here pertinent the facts admitted by the motion to strike the answer as constituting no defense, are the following: The execution of the note and that the bank in due course became the transferee thereof; the transfer of some, but not all, of the assets of the Capitol Dress Company; the insolvency of the Capitol Dress Company; the refusal by the Receiver to pay dividends to the endorser of the note, upon the ground that the Bank was entitled to an off-set; the omission of the Receiver to obtain judgment at law upon the note.

I think this case is controlled by the general principle, well settled in the Federal courts, that there may be no relief in equity without exhaustion of all available and adequate legal remedies. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Cates v. Allen, 149 U.S. 451, 13 S.Ct. 883, 977, 37 L.Ed. 804; Scott v. Neely, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358; Smith v. Ft. Scott, H. & W. Railroad Co., 99 U.S. 398, 25 L.Ed. 437; Hess v. Horton, 2 App.D.C. 81. As said in Pusey & Jones Co. v. Hanssen, 261 U.S. 491, at page 497, 43 S.Ct. 454, 455, 67 L.Ed. 763:

"But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and, although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied he may proceed in equity by a creditors' bill."

I think the Receiver has not brought himself here within either the express limits or the principle of any of the acknowledged exceptions to this rule, such as are referred to in the authorities cited by the Receiver, to wit: Case v. Beauregard, 101 U.S. 688, 25 L.Ed. 1004; Hatch v. Morosco Holding Co. (C.C.A.) 50 F.(2d) 138; United States v. Fairall (D.C.) 16 F.(2d) 328; Supplee Hardware Co. v. Driggs, 13 App.D.C. 272; Droop v. Ridenour, 9 App.D.C. 95. These cases involved situations where either there was a complete absence of assets in the debtor or the presence in the debtor of an asset in which he had but an equitable interest, so that pursuit of a legal remedy would have been futile, or situations where a creditor had a lien upon the debtor's assets. No such situation is involved here. The answer, as above pointed out, fails to admit the transfer of all of the debtor's assets, and no equitable asset or lien upon an asset is made out by the Receiver.

I think the point of the Receiver that the Capitol Dress Company did not with sufficient promptness assert the omission to pursue and exhaust the legal remedy is without merit. Equity Rule 28 of the Supreme Court of the District of Columbia provides:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer. * * *"

The assertion by the Capitol Dress Company of the failure to pursue and exhaust the legal remedy was made in the answer.

I disagree with the conclusion of the majority that the motion to strike the answer admitted that the note had been paid in full. If this were true, there would be no point in further considering the case. I think the motion to strike admitted only the well pleaded facts which in this case so far as the plea of payment is concerned are merely that the Receiver had withheld dividends under an asserted right to an off-set. In view, however, of the conclusion reached that there is no present right to equitable relief for lack of pursuit and exhaustion of the legal remedy, I think it unnecessary to pass upon the legal effect of such facts.

Mr. Justice GRONER joins in this opinion.