PEACOCK, HUNT & WEST CO. v. WILLIAMS et al.

(Circuit Court, D. South Carolina. August 10, 1901.)

EQUITY JURISDICTION—FEDERAL COURTS—CREDITORS' SUITS.

Federal courts in equity are precluded by the constitution from entertaining jurisdiction over, or giving judgment upon, a common-law demand, and such a court cannot entertain a suit by a creditor, whose claim is evidenced by notes not reduced to judgment for the sequestration of the debtor's property, the appointment of a receiver, and an injunction against suits elsewhere, notwithstanding such a suit is authorized by the statutes of the state.

In Equity. On demurrer to bill.

C. J. C. Hutson and Ficken, Hughes & Ficken, for complainant.
T. M. Raysor and Mordecai & Gadsden, for defendants.

SIMONTON, Circuit Judge. The bill in this case is filed by Peacock, Hunt & West Company, in behalf of itself and other creditors of B. B. Williams, against the said B. B. Williams and others, his creditors. The bill sets out the claim of complainants,—two promissory notes past due, upon which no judgment at law has been had. It then alleges the insolvency of Williams, that a valuable portion of his property is under mortgages past due and unpaid, that suits were being pressed against him by sundry of his creditors, that he is removing and concealing his assets with intent to defraud. It prays that a receiver be appointed to take charge of his property, and that an injunction issue restraining suits against him except in this court. A rule to show cause having been issued, Williams and sundry of his creditors have shown cause, and numerous affidavits have been filed. The chief ground at present relied upon is interposed in the way of demurrer to the bill that it is without equity. And the question raised is, can a creditor upon notes, not reduced to judgment, come into this circuit court of the United States, and obtain the sequestration of the property of his debtor, the appointment of a receiver, and an injunction against suits elsewhere? An established principle in equity, existing from the earliest times, is that no relief can be had in equity where the party has a plain, adequate, and complete remedy at law. This principle has been embodied in the judiciary act of 1789 with regard to the federal courts, and has been formulated in the Revised Statutes. As an application of this principle, it has been held in the decisions of all the states that a party cannot seek relief in a court of equity on a common-law contract until he has exhausted his legal remedy. The legislation of most of the states has modified—perhaps we should say has changed—this application of the principle in equity, and has allowed a creditor under certain circumstances to anticipate his remedies at law, and to come at once into a court of equity. Such legislation has been had in the state of Mississippi, and especially in the state of South Carolina. Rev. St. S. C. § 2016; Pelzer v. Hughes, 27 S. C. 409, 3 S. W. 781. It is observed, however, that the aid of a statute was necessary in order to give this relief. No such statute exists in the legislation of congress with regard to the federal courts. A creditor who comes into a court of equity upon a bill of this kind, in order to obtain the equitable relief which he seeks, must first establish his right to sue as a creditor, must prove that he is a creditor. Upon presenting his bill therefor, he must ask leave to prove his debt in the court of equity, and, having done so, to show his right to the equitable relief. Just here the federal courts have decided that, whatever may be the legislation of the states upon the subject, the federal courts in equity are precluded by the constitution of the United States from entertaining jurisdiction over or giving judgment on a common-law demand. It is true that, notwithstanding the rule that the legislation of the states cannot either enlarge or diminish the jurisdiction of the federal courts, yet the courts of the United States can and will administer equitable rights created by state legislation, and will enforce

them when there is jurisdiction of the parties and of the subject-matter. Smith v. Railroad Co., 99 U. S. 398, 25 L. Ed. 437. But they have refused to apply this principle to legislation of the states authorizing an application to a court of equity by a creditor who has not established his claim. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358. In this case was a statute of the state of Mississippi distinctly giving this relief. It was a case in which the creditor sought to set aside conveyances made in fraud of creditors. The court puts its refusal to entertain jurisdiction upon the ground that, inasmuch as the complainant had a legal claim, the constitution of the United States secured to the defendant a trial upon its merits before a common-law jury. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 37 L. Ed. 804. The whole question is reviewed, and the authorities are discussed and distinguished, in Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. In this case the court refused to interfere notwithstanding that complainant filed a creditors' bill against the debtor, an insolvent corporation. Mr. Justice Field, in Scott v. Neely, states the law thus:

"In all cases where a court of equity interferes to aid the enforcement of a remedy at law, there must be an acknowledged debt, or one established by a judgment rendered, accompanied by a right to the appropriation of the property of the debtor to its payment; or, to speak with greater accuracy, there must be, in addition to such acknowledged or established debt, an interest in the property, or a lien thereon, created by contract, or some distinct legal proceeding."

In the case at bar there is no acknowledged debt. In fact, the debt is denied. But, were it acknowledged, there must be, besides this, an interest in the property, or a lien thereon; neither of which exists here, for none such has been created by contract, or by any distinct legal proceeding. Taking all this into consideration, and noting also that the insolvency of the defendant Williams—the whole basis of the suit—is earnestly and vehemently denied, the bill cannot be maintained. It is to be regretted that complainants cannot be relieved. If the suits now pressed against Williams go into judgment, the relief the present complainant can get at law may be barren of result. But "vigilantibus lex semper subvenit," and the established law of this court cannot be violated in order to protect the complainant, whose misfortune it is to be too late. The bill is dismissed, without prejudice, for want of jurisdiction.